————o————

WILLIAM SHAW, Defendant in Error, vs. PHILLIP BESCH, Plaintiff in Error.

1. *Practice, civil—New trial—Newly discovered evidence.*—A new trial on the ground of newly discovered evidence should not be granted unless it is shown that proper diligence was used before the trial, and that the newly discovered evidence would probably have changed the result.

*Error to St. Francois Circuit Court.*

*M. L. Clardy & John F. Bush,* for Plaintiff in Error.

*J. B. Robinson,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

The only ground insisted upon in this court for a reversal of the judgment is the refusal to grant a new trial on account of newly discovered evidence.

The action was for the value of a mare alleged to have been killed by the defendant, and on a trial before the court sitting as a jury a verdict for ninety dollars was found in favor of the plaintiff.

The verdict was well supported by the evidence. The defendant moved for a new trial on the ground of newly discovered evidence, but the court overruled the motion.

We have examined the motion and the affidavits submitted therewith, and are satisfied that the court committed no error in its ruling. The affidavit does not show that the proper diligence was used before the trial, and if the testimony relied on as newly discovered had been submitted it would not have produced a different result; and where such is the case a new trial will not be granted. (State vs. Locke, 26 Mo., 603; Howell vs. Howell, 37 Mo., 125.)

The plaintiff's witnesses on the trial identified the mare as a sorrel mare, and the affidavit stated that the proposed witnesses would swear that she was a dark or chestnut sorrel.

The verdict was for ninety dollars and it was stated that it could be shown by the newly discovered evidence that the mare was only worth from fifty to sixty dollars, and that she was not the property of the plaintiff. But the plaintiff remitted thirty dollars of the verdict and left the judgment for sixty dollars, which was about the valuation placed upon the mare by the proposed testimony.

It is certain that this evidence, had it been produced on the trial, could not have changed the verdict. Besides the identity, the value and the ownership of the mare were all involved in the issues, and the evidence at best was merely cumulative.

The judgment was right and should be affirmed; the other judges concur.