RUSSELL v. THE INHABITANTS OF THE TOWN OF COLUMBIA, *Appellant.*

1. **Municipal Corporation**: DUTY TO KEEP ITS STREETS SAFE: NOTICE OF DEFECTS. Every municipal corporation is bound to keep its streets free from obstruction and reasonably safe for travel in the usual modes, and is liable for injuries caused by neglect to do so. Nor can this duty be evaded, suspended or cast upon another by any act of the corporation. If a defect in a street be occasioned by accident,

or by the wrongful and unauthorized act of a third person, the liability of the corporation does not begin until it has notice of the defect, or until the defect has existed for such a length of time that ignorance of its existence is inexcusable, but if it be occasioned by the act of the corporation itself or by the act of a person authorized by the corporation to make any use of the street which results in producing the defect, the corporation will be liable without notice.

2. ————: CASE ADJUDGED. A gas company empowered by law to lay its gas pipes through the streets of a city with the consent of the city authorities, obtained such consent, agreeing on its part to leave the streets in good condition and not to allow the ditches it might dig to be left open longer than should be necessary to lay or repair the pipes. In the prosecution of its work the company opened a ditch in one of the streets, which, for want of pipe, was left open for several days. Whilst so exposed, plaintiff, passing at night, fell in and was hurt. *Held*, that the city having given the company permission to occupy the street was liable to the same extent as if the ditch had been opened by its own servants, *i. e.*, without proof of notice; that the fact that the city had obtained from the company an agreement for securing the safety of the streets did not do away with the city's liability, and that the plaintiff, if free from fault or negligence on her part, might recover for the injuries sustained, though she knew of the existence of the ditch when she went into the street.

3. ————: ————: MEASURE OF DAMAGES FOR PERSONAL INJURIES. In a suit to recover for injuries thus sustained, the court instructed the jury that they should take into consideration not only plaintiff's age and condition in life, the physical injury inflicted and the bodily pain and mental anguish endured, together with the loss of time occasioned, and all expenses incurred in and about the treatment of her case, but also any and all such damages which it appeared from the evidence would reasonably result to her from such injuries in the future. *Held*, no error.

*Appeal from Audrain Circuit Court.* — HON. G. PORTER, Judge.

AFFIRMED.

*Overall & Judson* for appellant.

If the ground of this action was positive misfeasance on the part of the corporation, its officers or servants in doing an act which caused the street to be in a dangerous condition, no other notice to the corporation of the condi-

tion of the street would be essential to its liability, and the action of the court in leaving out of consideration the question of notice would not be error.   But if plaintiff had a right of action upon the ground of the alleged neglect of the corporation to put the street in repair or to remedy the cause of danger occasioned by the wrongful act of the gas company in making an excavation in defendant's street and leaving it open at night, without placing lights near to notify persons passing of the danger, notice to the defendant of the condition of the street, and the failure of the gas company to have out signal lights or such a state of facts as gave to the jury the right to infer notice, was necessary to give plaintiff a right of action against the defendant.   Dillon Munic. Corp., (3 Ed.) § 1020, and cases cited; *Bassett v. St. Joseph*, 53 Mo. 290; *Oliver v. City of Kansas*, 69 Mo. 79; *Beaudean v. Cape Girardeau*, 71 Mo. 392.   The gas company was not the servant or agent of defendant, and hence the rule *respondeat superior* does not apply, and the company, not the town, is alone responsible to plaintiff for injuries suffered by her by reason of the neglect or misfeasance of the company.   17 Mo. 121; 40 Mo. 569; *Schweickhardt v. St. Louis*, 2 Mo. App. 571; *Morgan v. Bowman*, 22 Mo. 538; *Kelly v. The Mayor*, 11 N. Y. 432; *Maxmilian v. The Mayor*, 62 N. Y. 160; *s. c.*, 20 Am. Rep. 468.   The same rule applies where a statute is first to be accepted by the city council as where it is imposed without assent.   *Fisher v. Boston*, 104 Mass. 87; *s. c.*, 6 Am. Rep. 196.   In the case at bar defendant had done all it could do.   It had passed an ordinance requiring the gas company in laying its pipes to " leave the streets in good condition; the ditches not to be left open any longer than is necessary to lay or repair pipes."   Besides, the gas company was not acting under defendant's authority in excavating in the street and laying its pipes.   Public highways and streets are not the property of the particular listrict or city, but the property of the State, subject alone to its disposal.   *Lackland v. R. R. Co.*, 31 Mo. 180.   The

right to lay the pipes is derived from the State, (R. S. 1879, § 951,) and the "consent of the municipal authorities" simply means that the necessity for supplying gas by such means shall first be determined by the municipality. The necessity for supplying gas by this means having been found to exist, the municipality may direct the manner in which the work shall be done, not upon such terms and conditions as the authorities may wish, but only by "reasonable regulations," and any unreasonable regulations would be wholly void and could be disregarded by the gas company. The proper light in which to regard the matter is to consider the grantee of the franchise from the State, in laying its pipes in the streets, as representing the government, and the government as acting under its right of eminent domain.

*Wm. J. Howell* with *Gordon, McIntyre & Kennan* also for appellant.

The gas company was not the agent or servant of defendant; was responsible for its own wrongful acts, and the town was not liable, if at all, for injuries to persons occasioned by obstructions or trenches made and left open by the company without notice thereof to the town authorities. 2 Dillon Munic. Corp., (2 Ed.) § 790; *Hart v. Brooklyn*, 36 Barb. 226; *s. c.,* 1 Am. Law Reg., (N. S.) 631; 17 Mo. 121; 53 Mo. 290; 69 Mo. 79; 71 Mo. 392. The basis of this action is negligence on the part of the town, and care and freedom from negligence by plaintiff. 2 Dillon Munic. Corp., § 790. Therefore notice should have been shown, and failure to remedy defect, to authorize recovery. The fifth instruction gives to the jury too broad a range in assessing damages, particularly on what they might conjecture the future would develop.

*Guitar & Douglass* and *Macfarlane & Trimble* for respondent.

The defendant, having full power and control over its streets, was bound to keep them in a proper state of repair, free from obstructions, so that they would be reasonably safe for travel in the usual modes, and a neglect on its part to do so would render it liable to one injured by reason of such neglect. Duty in this respect could not be evaded, suspended or cast upon others, by any act of its own, and defendant could not avoid its responsibility by any arrangement with another    Therefore, the ordinance of defendant, requiring the gas company to leave the streets in good condition, and providing that the ditches should not be left open longer than was necessary to lay or repair pipes, did not relieve the defendant from its liability to respondent for injuries received by reason of said gas company having its ditches open contrary to the requirement of said ordinance.    2 Dillon Munic. Corp., (2 Ed.) §§ 789, 791; 40 Mo. 569; *Smith v. St. Joseph*, 45 Mo. 449; *Bowie v. Kansas City*, 51 Mo. 454; 71 Mo. 395; *Fink v. St. Louis*, 71 Mo. 52; *Ward v. Jefferson*, 24 Wis. 342; 17 N. Y. 104.    The gas company may not be the servant or agent of the defendant, neither was it a contractor under the defendant to do a necessary public work, but it was a licensed wrongdoer.    One who authorizes the doing of a wrongful act is a party to it, and the act of the trespasser will be his act. It may be that the town would have authority to provide for lighting its streets with gas, which might necessitate the digging of trenches in its streets, but, it is under the more imperative obligation of keeping its streets in a safe condition, and failing to do so, it should not be allowed to fall back on the negligence of the parties doing the work and thus obtaining a reward for its own want of care and attention.    Hence, it should make no difference whether the gas company or those employed by it were or were not negligent in doing the work. The negligence of defendant, for which it was charged, was in authorizing the work and in failing to see that travel on the streets was not injured

or rendered dangerous.   Dillon Munic. Corp., (2 Ed.) § 796.   Notice and a reasonable time to repair are required in cases in which the defect is caused by the unauthorized act of third persons, or by some sudden or unforeseen cause, such as a storm; but when the defect is the result of the act of the corporation itself or of others acting under its authority, notice is not required or will be implied. *Requa v. Rochester*, 45 N. Y. 135; *McCarthy v. Syracuse*, 46 N. Y. 197; *Hume v. Mayor*, 47 N. Y. 646; *Market v. St. Louis*, 56 Mo. 190; 53 Mo. 290; Dillon Munic. Corp., (2 Ed.) §§ 789 to 792.   Under the facts and circumstances shown in evidence in this case, notice to defendant would be implied.   The trench was suffered to remain open for four days in the principal street, near the center of the town.

HENRY, J.—This suit was instituted in the Boone circuit court by plaintiff to recover damages for an injury sustained by her from falling into a ditch made by The Columbia Gas & Coke Company, along Broadway street in said town and on a bridge in said street.

The accident occurred on the bridge on the night of August 13th, 1876, as plaintiff was returning from church with her escort.   The ditch, or trench, for about fifteen feet east of the bridge and on the bridge, was left open from the 11th to the 14th of August, and witnesses for defendant testified that on the night of the 13th, as on previous nights, a red light was placed about twenty feet east of the bridge, and that it remained there lighted until the morning of the 14th.   There was testimony for plaintiff to show the contrary.   The plaintiff resided with her father southwest of the bridge; one witness says 150 feet, another 150 yards, and a third from 280 to 290 feet; but whatever the distance may be, there is no question that the bridge could be seen from Col. Russell's residence, and probably also the trench on the bridge; but plaintiff testified that she never saw the trench on the bridge, although

she saw the gas company digging the trench in Broadway street.   She started alone to the Episcopal church, east of the bridge on Broadway on the night of the 13th, about, or a little after dusk, and fell in company with the rector and his wife at the bridge; but says she was engaged in conversation with them and did not see the trench.   It was a dark night, and returning from church, between ten and eleven o'clock, the accident occurred

The Columbia Gas & Coke Company was organized under the 7th article of the general corporation law, by the 14th section of which any corporation formed under that article, for the purpose of supplying any city, town or village with gas,   *    *    has the power to lay conductors for conveying gas through the streets    *    *    of any such city, town or village, with the consent of the municipal authorities thereof, and under such reasonable regulations as the authorities may prescribe.   Wag. Stat., p. 336.   The town of Columbia passed an ordinance giving to said Gas & Coke Company the right to lay gas pipes along any street or alley, provided the same shall be left in good condition and the ditches not be left open any longer than necessary to lay or repair pipes.   On the 21st day of November, 1872, the said company, in writing, accepted the rights, etc., granted by said ordinance.

The injury to plaintiff was a sprain of the ankle, and was a serious and painful affliction, confining plaintiff to the house from August to November.   There was evidence tending to prove that the sprain was improperly treated by the physicians, and was, in consequence, more serious than it would otherwise have been; and also that plaintiff in November and subsequently, danced in quadrilles and waltzes, which aggravated the injury and retarded recovery.

The cause was tried in the Audrain circuit court on change of venue, and plaintiff obtained a judgment for $2,800, from which defendant has appealed.

For plaintiff the court gave the following instructions::

1. The jury are instructed that if they find from the evidence that the Columbia Gas & Coke Company was authorized by defendant to build its gas works and lay pipes along the streets in the town of Columbia, as stated in plaintiff's petition, and that, in pursuance thereof, it did dig the excavation complained of across and on Flat Branch bridge on Broadway street in said town, and permitted said excavation to remain open and exposed, and that plaintiff, in passing along said street, fell or was precipitated into said excavation, without any fault or negligence on her part, then your verdict should be for plaintiff.

2. The jury are instructed that it was the duty of defendant to keep its streets and highways in a proper state of repair, free from obstructions and safe for travel, and if the jury believe from the evidence that the excavation mentioned in plaintiff's petition was made by the Columbia Gas & Coke Company under the authority of the defendant, and that the same was permitted to remain open and unprotected, and that plaintiff, in passing along Broadway street in the town of Columbia, fell or was precipitated into said excavation, without any fault or negligence on her part, and was injured thereby, the jury should find for the plaintiff.

3. If the jury believe from the evidence tnat the defendant authorized the Columbia Gas & Coke Company to dig the excavation complained of, in Broadway street, as stated in plaintiff's petition, and permitted said excavation to remain open, without proper and sufficient protection to notify and warn persons passing along said street of the danger, and that plaintiff, in passing along said street in the night-time, without any fault or negligence on her part, fell or was precipitated into said excavation or ditch, and was injured thereby, their verdict should be for the plaintiff, although the jury may further believe from the evidence that plaintiff knew that said excavation had been made.

4. The fact that plaintiff may have aggravated the injury complained of, and retarded her recovery therefrom

by dancing, or immoderate use of her foot, cannot defeat her right to recover in this action, but can be considered only in mitigation of damages.

5.   If the jury find for the plaintiff, in estimating her damages they will take into consideration, not only her age and condition in life, the physical injury inflicted and the bodily pain and mental anguish endured, together with the loss of time occasioned, and all expenses incurred in and about the treatment of her case, but also any and all such damages which it appears from the evidence, will reasonably result to her from said injuries in the future.

The defendant asked the court to instruct the jury in effect, as follows:

1.   If they find from the evidence in the case that the Columbia Gas & Coke Company was not the servant or in the employ of defendant at the time said ditch was dug and left open, or at the time of the accident, they will find for defendant.

2.   If they believe from the evidence in the case that the Columbia Gas & Coke Company, whilst engaged in placing and laying gas pipes through the western portion of Broadway street, in the town of Columbia, and near, across and on a bridge known as Flat Branch bridge, preparatory to laying gas pipes and setting and arranging gas posts thereon, made an excavation in said street for said purpose, near to and on said bridge, which excavation was left open for the want of pipe to lay therein, from about the 11th day of August, 1876, to the 14th day of said month, and whilst said excavation was open, to-wit:   On the evening of the 13th day of said month, in the night-time, the plaintiff, in passing along and across said street, was precipitated or fell into said excavation and injured to some extent, yet the jury should find for the defendant, unless they further find that the authorities of said town had notice of the exposed condition of said excavation.

3.   If they find that said company made an excavation in Broadway street near to and on Flat Branch bridge

in said street, preparatory to laying gas pipes and setting gas posts, and that said excavation remained open from the 11th day of August, 1876, to the 14th day of said month, and that said company placed signal lights in and near to said excavation in the night-time, and embracing the time of the alleged injury to plaintiff, to notify or warn the public of the existence of said excavation, the plaintiff was bound to exercise reasonable and ordinary care and prudence to avoid any accident or injury therefrom; and if they believe that the plaintiff, in so attempting to pass by or over said excavation, was injured by being precipitated or falling therein, which injury she might have avoided by the exercise of ordinary care and prudence, they will find for defendant.

4. If they find that said company made an excavation in Broadway street, near to and on Flat Branch bridge in said street, preparatory to the laying of gas pipes and setting of gas posts. and that said excavation remained open from the 11th day of August, 1876, to the 14th day of said month, and plaintiff had notice or warning of the same, sufficient to put a prudent person on his guard against the danger of said excavation, and in passing by and across said excavation on account of not then using ordinary care she fell or was precipitated into the same, and thereby received some injury, the jury will find for defendant.

5. If they should find for plaintiff, they should only assess such damages as she sustained on account of being precipitated into said excavation, and should not allow damages from the aggravation or increase of said injury, or new injury to plaintiff, if any the evidence shows was caused or brought about by the imprudence of plaintiff, or the malpractice or improper treatment of her physician or physicians.

6. If they believe from the evidence in the case that no warning light was placed near the ditch on the night of the 13th day of August, 1876, they are instructed that the plaintiff was not in consequence thereof relieved of the

duty of diligence and care, both at the time of passing over said bridge and afterward in the treatment of her bruised foot, and if, after receiving the bruise upon her foot, by her own imprudence and improper use of her said foot when in its bruised condition, further harm has resulted, the defendant is not responsible for such harm.

Instructions one, two and six were refused, and three, four and five given.

The town of Columbia is bound to keep its streets free from obstruction, and reasonably safe for travel in the usual modes, and is liable for an injury by a neglect of this duty. *Blake v. St. Louis*, 40 Mo. 569; *Bassett v. St. Joseph*, 53 Mo. 290; *Welsh v. St. Louis*, 73 Mo. 71; 2 Dillon Munic. Corp., (2 Ed.) § 1024    Nor can this duty be evaded, suspended or cast upon others by any act of its own.    2 Dillon Munic. Corp., § 1027, and authorities above cited.    If a defect in a street be occasioned by accident, or by the wrongful and unauthorized act of a third person, the liability of the city does not begin until it has notice of the defect, or until it has existed for such a length of time that ignorance of its existence is inexcusable.    It is in such cases that the authorities cited by counsel of respondent, with respect to notice of the defect, are applicable.    " Where streets have been rendered *unsafe by the direct act, order or authority of the municipal* corporation, (not acting through independent contractors,) no question has been made, or can reasonably exist, as to the liability of the corporation for injuries thus produced, when the person suffering them is without contributory fault, or was using due care.    Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its *neglect* or *omission* to keep the streets in repair, as well as for those caused by defects occasioned by the wrongful acts of others, but, as in such cases, *the basis of the action is negligence, notice to the corporation of the defect* which caused the injury, or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the de-

fect ought to have been known and remedied by it, is es-
sential to liability." 2 Dillon, § 1024. I have quoted thus
extensively from this author, for the reason that, in that
paragraph, the distinction between the cases in which no-
tice of the defect is required, and those in which it is not,
is clearly taken.

In *Bassett v. St. Joseph*, 53 Mo. 298, the court observed:
"All of the evidence in the present case shows most clearly
that the excavation was either extended into the highway
a few feet or came up to the edge of the highway. In
such cases, if it renders travel dangerous, it is as much
the duty of the city to protect the public against the dan-
ger in the one case as in the other, and it makes no differ-
ence in such case, whether the excavation was made by the
city, or by another, except when not made by the authori-
ties of the city, they would not be liable until after they
had notice of the dangerous condition of the street." This
is a recognition of the distinction. Here the trench hav-
ing been dug by a company, to which the town of Colum-
bia had given permission to make it, and which permission
it was at liberty to withhold, the liability of the corpora-
tion is the same as if it had been made by its own servants,
by its direction.

*Barry v. St. Louis*, 17 Mo. 121, which held a contrary
doctrine, has been overruled by *Welsh v. St. Louis, supra,*
and while adjudications in line with *Barry v. St. Louis*, are
to be found in some of our sister states, yet, in others the
doctrine more recently announced by the court on that
subject is maintained. In *Storrs v. Utica*, 17 N. Y. 104, the
plaintiff drove his team into a sewer excavated in a street
of said city, and sued the city for damages. The defense
was that the excavation was made by one Shippy, under a
contract with the city. This was held no defense, the court
remarking: "Although the work is let out by contract,
the corporation remains charged with the care and control
of the street in which the improvement is carried on. The
performance of this work necessarily renders the street

unsafe for night travel. This is a result that does not at all depend on the care or negligence of the laborers employed by the contractor. The danger arises from the nature of the improvement, and if it can be averted only by special precautions, such as placing guards or lighting the streets, the corporation which has authorized the work is plainly bound to take those precautions."

The contract between Shippy and the city contained no stipulation in respect to any precautions for the security of travelers, and while the ordinance which permitted the gas company to make the trench in question in this case required the company to keep the street in good condition, and not to leave the ditch open any longer than necessary for laying or repairing pipes, we do not think that that exempted the city from liability. It authorized the digging of the trench, and knew that the work was in progress. In *Storrs v. Utica* the court observed the charge of the judge was correct "unless it be in the apparent concession that a municipal corporation can avoid the duty in question, and the consequent liability to persons who suffer injury from its neglect, by bringing the contractor into a stipulation that he will perform such duty."

The case of *. Ily v. The Mayor, etc., of New York*, 11 N. Y. 433, was one in which the city had employed one under an ordinance, to grade a space thirty feet wide through the center of a street, and by the contract the contractor was to erect a fence across the end of the work, and during the night to keep sufficient lights on and near the work, and to take all other precautions to prevent accidents and injuries to persons and property, and to indemnify the city against all loss or damage by reason of any neglect or unskillfulness in the execution of the work, which was to be done under the direction and to the satisfaction of certain officials of the corporation having charge of the work. The plaintiff's horse was struck and injured by a stone thrown from a blast set off on said street while plaintiff was driving along a road in its vicinity.

The question there presented was a very different one from that we are considering. Plaintiff in that case was not injured on the street, or by any defect in the street. The city, so far as travelers were concerned, had discharged its duty, and the injury complained of was done by the carelessness of the servant of the contractor in making the blast, and the contractor and not the city was held liable. *Storrs v. Utica* was decided subsequently, and *Kelly v. The Mayor, etc.*, was cited and approved. *Pack v. The Mayor of New York*, 4 Seld. 222, was similar to *Kelly v. same*, and in *Storrs v. Utica*, the court said that in those two cases "the general doctrines so well set forth in *Blake v. Ferris* were applied with entire precision," expressing a doubt, however, whether they had been so applied in *Blake v. Ferris*, 1 Seld. 48.

In support of the foregoing general views are *Hincks v. Milwaukee*, 46 Wis. 565; s. c., 32 Am. Rep. 735; *Detroit v. Corey*, 9 Mich. 165; *The Mayor v. Waldner*, 49 Ga. 316; *Hilliard v. Richardson*, 3 Gray 349; *City of Springfield v. LeClaire*, 49 Ill. 476. In the latter case it was observed by the court that: "There is no charge, in the declaration, of negligence in not keeping the street in repair, but for permitting the work to be carried on in the street, dangerous in itself, without proper safeguards, and which they neglected to supply. The injury complained of was not the result of a defective street, which a traveler upon it might have noticed and reported, but for permitting the sewer to be excavated in a manner hazardous to the safety of the people."

The instructions given by the court recognized the principles herein stated.

The instructions asked by defendant and refused were properly refused. The first was to the effect that if the gas company was not the defendant's servant in making the ditch, etc., plaintiff could not recover. The second was properly refused because the doctrine of notice has no application to the case.

The sixth was unobjectionable, but the court, in the fourth given at plaintiff's instance, had declared that any aggravation of the injury complained of by dancing, or the immoderate use of her foot, could be considered by the jury in mitigation of damages, but not to defeat the action; and, in lieu of instruction five, asked by defendant, the court gave the following : " If the jury find for plaintiff, they should only assess such damages as plaintiff has sustained on account of being precipitated into said excavation, and should not allow damages for any aggravation or increase to said injury, or new injury to plaintiff, if any evidence showed that it was caused or brought about by the imprudence of plaintiff, or the malpractice or improper treatment of her physicians." Counsel for appellant contend that the language, " imprudent use of her foot," contained in the refused instruction, was more appropriate than the language, "immoderate use of the foot," in that given. The language of the instruction given by the court was warranted by the testimony of Dr. Arnold, the defendant's witness, who testified that he, " after all pain has ceased, would recommend moderate exercise." It might be conceded, however, that the language of the refused instruction was the more appropriate; yet, if the jury understood from the instruction given, (and we do not see how they could have construed the two instructions otherwise,) that for any additional injury or pain occasioned by her imprudence or the malpractice of physicians, they could allow her no damages, the judgment cannot be reversed, because the proposition was not declared in more elegant or appropriate language.

The fourth instruction refused was properly refused, because the question of plaintiff's negligence was submitted clearly in the first, second and third instructions given at plaintiff's instance. The fact that plaintiff had notice of the existence of the excavation, did not preclude her from a recovery if she fell into the ditch without any fault or negligence on her part. *Buesching v. St. Louis Gaslight Co.*, 73

Mo. 219, and this question was submitted to the jury in plaintiff's second instruction.

We are of the opinion that all questions of fact which it was necessary for the jury to consider in determining whether defendant was liable, and the measure of damages, were properly submitted to them in appropriate instructions, and the judgment is, therefore, affirmed. All concur.