STEPHENS v. THE CITY OF MACON, *Appellant.*

1. **Municipal Corporations**: STREETS: DAMAGES. While a city may temporarily close a street against use for the purpose of permitting improvements by adjacent proprietors, yet it must so do it as to notify the public of its exclusion therefrom, or it will be liable to any person, who, in ignorance of such exclusion, sustains an injury in attempting to use the way.

2. **Question of Fact.** Whether or not a street is so closed as to notify the public of its exclusion is, where the evidence is conflicting, a question for the jury.

3. **Contributory Negligence.** Contributory negligence is a matter of defence.

4. **City**: **Street Excavation.** The act of a person making an excavation in a street by permission of the city is the act of the city and no notice to the latter of such excavation is necessary to render it liable to a person sustaining injury therefrom.

**5. New Trial**: NEWLY DISCOVERED EVIDENCE. The Supreme Court will not interfere with the ruling of the trial court in refusing a new trial, because of newly discovered evidence, except in a case free from any doubt as to the impropriety of its action, or unless such evidence would probably have changed the result.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Hess & Eberman,* and *Berry & Dysart* for appellant.

(1) Respondent's 4th and 8th instructions put the case to the jury on a wrong theory. Respondent in going on to the sidewalk as he did was guilty of such contributory negligence as to preclude a recovery, and the court should have so instructed. The injury was directly due to his own negligence. 1 Thompson on Negligence, p. 169; 2 *Ibid.,*pp. 1104 and 1129; *City of Erie v. Magill,* 2 Amer. Corp. Cases, 3; *Goshen v. Smith,* 92 Pa. St. 435; *City v. Krouse,* 64 Ill. 19; *Griffin v. New York,* 9 N. Y. 456; *Schaffer v. Sandusky,* 33 O. S. 246. (2) The court erred in refusing appellant's 7th instruction. The evidence presents a case in which the city was entitled to notice, express or implied, of the alleged exposed condition of the ditch to render it liable. *Bassett v. St. Joseph,* 53 Mo. 290; *Schweickhardt v. St. Louis,* 2 Mo. App. 571. (3) The court erred in refusing the appellant's 8th instruction. Reasonable care and diligence to keep the sidewalk safe and secure was all that could be required. Any other rule would make the city an insurer of the safety of persons. (4) Respondent's instructions ignore the question of notice to the city of the fact that the excavation into which he fell was unguarded. The evidence shows that guards had been across and along the sidewalk prior to respondent's in-

jury, and it should appear that the city had notice of their absence at the particular time of the accident. (5) The court should have granted a new trial on the newly discovered evidence. It was material and not cumulative.

*Sears & Guthrie* and *John F. Williams* for respondent.

(1) All the questions of fact which it was necessary for the jury to consider in determining whether defendant was liable, and the measure of damages, were properly submitted to them in appropriate instructions, and the finding of the jury should be sustained. *Buesching v. St. Louis Gas Company*, 73 Mo. 219 ; *Russell v. Inhabitants of Columbia*, 74 Mo. 480 ; *Læver v. City of Sedalia*, 77 Mo. 431 ; *Vaile v. Bliss*, 50 Barb. 358 ; *Driscoll v. New York*, 11 Hun 101. (2) Appellant at the close of respondent's case did not interpose a demurrer to his evidence, nor at any time ask that the case be taken from the jury, and such instructions would have been improper. *Cleveland, Columbus & Cincinnati R. R. Co. v. Crawford*, 24 Ohio State 631 ; S. C. 15 Am. Rep. 633 ; *Marietta and Cincinnati R. R. Co. v. Picksley*, 24 Ohio State 654 ; *Nisbitt v. Nashville*, 27 Am. Rep. 755 ; *Nagel v. Mo. Pacific R. R. Co.* 75 Mo. 653 ; *Hoyt v. City of Hudson*, 41 Wis. 105. (3) Appellant's position that the defendant "had no notice that the sidewalk was in an unsafe and defective condition," is not sustained by the pleadings or the evidence. Defendant permitted the digging of the ditch, and it is the same as if it had dug it itself. *Russell v. Inhabitants of Columbia*, 74 Mo. 480. (4) There is no rule of law that required the plaintiff, while upon the street, to use extra caution to avoid injury from any defects therein. Plaintiff had a right to presume that the sidewalk was in a fit condition to travel. He was not obliged to presume negligence on the part of those whose duty it was to keep the streets and sidewalks in good condition. 2

Thompson on Negligence, pp. 1172, 1197, 1198 and 1199 ; *Woods v. Boston*, 121 Mass. 337 ; *Hawks v. Inhab.*, 121 Mass. 10. (5) The plaintiff had a right to suppose that there was no dangerous impediment or pitfall in any part of the street, without a light placed to give warning of it, or a suitable railing to protect it. *Durant v. Palmer*, 29 N. J. L. 544–548 ; Cooley on Torts, pp. 605, 606, 660 and 661. (6) It was the duty of the city of Macon to keep its streets and sidewalks free from obstructions, protected and guarded·from danger, and safe and secure for travel. This duty cannot be evaded, suspended, or cast upon another. If a person is authorized by the proper authorities to make an excavation in the street, the authorities are bound to protect the same, and keep it properly guarded. The city cannot exempt itself from liability resulting from the unsafe condition of the street and has no authority to authorize another to make them unsafe. *City of Lincoln v. Walker* (Neb.) Northwestern Reporter, Vol. 20, p. 113 ; *Irvin v. Wood*, 4 Rob. (N. Y.) 138 ; *Congreve v. Morgan*, 18 N. Y. 84 ; *Hart v. Mayor*, 9 Wend. 607 ; *Dygart v. Schenck*, 23 Wend. 446.

In civil actions at law the finding of the jury on questions of conflicting evidence will not be disturbed by the Supreme Court. *Powell v. Camp*, 60 Mo. 569 ; *Russell v. Berksthusen*, 77 Mo. 417 ; *Hamilton v. Berry*, 74 Mo. 176. The application for a new trial on the grounds of newly discovered evidence was properly addressed to the sound discretion of the trial court and the latter court did not err in its ruling thereon. *Cook v. R. R.*, 56 Mo. 381 ; *State v. Ray*, 53 Mo. 345 ; *State v. Smith*, 65 Mo. 313 ; *Shaw v. Besch*, 58 Mo. 107. The damages found by the jury were not excessive.

EWING, C.—This action was brought by the plaintiff against the city of Macon to recover damages alleged to have been sustained by him from falling into an excavation across the sidewalk on Rollins street, in front of

block 94, whereby he sustained damages to the amount of $5,000.

The answer is that said plaintiff well knew of said excavation; that plaintiff was injured by his own negligence; that one B. F. Stone obtained permission of the defendant to make said excavation. This map or plat of the ground was offered in evidence, from which the testimony will be more readily understood:

The evidence tended to prove that plaintiff was at the southwest corner of Terrill and Rollins streets on Sunday evening about dusk; that he started to his home on the west side of Rollins street, north of where the ac-

cident occurred; that he, as a merchant, occupied three store-rooms, marked "Goldsberry and Stephens" on the map, nearly opposite the excavated cellar of Stone; that plaintiff was frequently at a bank near the southwest corner of Rollins and Terrill streets, and going from there to his store he usually walked about the red dotted line from the bank to the middle of the street opposite the drug store; and on this occasion he involuntarily started to his store, but when he reached the middle of Rollins street opposite the drug store, he recollected that it was Sunday and he was going home and not to the store; he thereupon turned towards the left, and approached the sidewalk in front of the cellar excavation at a point, as shown by the dotted line, where a wagon-way had been left to permit wagons to go down into the cellar excavation in hauling out the dirt. That Stone's cellar was nine or ten feet deep, and extended from the northwest corner of Terrill and Rollins streets seventy feet north; that at the northwest corner of said streets the excavation was protected as shown on the plat; that there was a ditch, three feet wide, nine feet deep and ten feet long, dug from the cellar to a sewer in the street to drain the water from the cellar. On the south side of this ditch the dirt was thrown up two or three feet high, and tapered down to within fifteen inches to three feet of the open cellar excavation. The red line represents the plaintiff's route and the place where he fell into the ditch, whereas the route usually taken, and which was indicated by a path, was around the end of the pile of dirt, between it and the ditch, to the curbing, which was left untouched, and then across the ditch near the street.

The evidence tends to show that footmen used this walk to such an extent as to have made a plain path along the course above indicated. That the rock and dirt and obstructions, and every evidence of a building being in progress was patent. That the other side of the street was unobstructed, which was the side usually

traveled by plaintiff in going to and returning home from his place of business. The evidence tended to show the obstructions and condition of things as repre-sented on the above plat. That the plaintiff had no knowledge of the existence of the ditch until he fell into it. That he was passing along first about dusk and watching the cellar so as not to fall into it, and did not see the ditch until he stepped into it and was hurt.

The answer alleged that the defendant had granted the owner, Stone, permission to cut the ditch across the sidewalk to drain the cellar. The evidence tended to show that the defendant, by its city marshal, exam-ined the ground each night to see that everything was right.

John H. Clayton, sworn on the part of the defend-ant, testified as follows:

"I was city marshal at the time plaintiff was hurt, and hold that office yet. It was my duty to go and examine the grounds at the new building every night before I went to bed to see that everything was right. I was instructed to do so by the mayor of the city and the city council. I went every night to examine the grounds after the ditch was dug to the time plaintiff was hurt. I think I had commenced this before the ditch was dug. I am sure I did after the ditch was dug. I was to see after the safety of the drain in the street and the cut across the sidewalk, on the part of the city. On the Sat-urday night before plaintiff was hurt, I went and looked at the works and found them in their usual condition, after work for the day had ended. The guards were up at the southeast corner. The scantling were up around the ditch, as indicated in plat "B," one on the north and three on the south. This is the manner in which they had been left for about a week before that night. On that Saturday night, before the accident, I also found two wagons on the sidewalk where the wagon road crosses it. I had noticed these wagons there before, every night, for something like a week, or more. They

were drawn across the road leading into the cellar. I was there again on Sunday night, the same night plaintiff was said to have been hurt, and I found the situation the same as on Saturday night."

I.    The court below, at the request of the plaintiff, gave the following instruction :

No. 3.    "The court instructs the jury that on the 5th day of October, 1879, the defendant was, and for a long time had been, a municipal corporation, having, by the terms of its charter, the exclusive control and management of its sidewalks, and that it was the duty of defendant to keep the same in a condition reasonably safe for persons passing along the same in the day or night ; and if the jury believe from the evidence that the defendant neglected its duty, and suffered and permitted the sidewalk to remain in a dangerous condition to persons walking thereon at night, and that plaintiff, on or about said day, while walking on said sidewalk, unaware of danger and using reasonable care, fell into a ditch because of said dangerous condition of said sidewalk, and was hurt and injured, then you are bound to find for the plaintiff."

It is insisted by appellant that this is error ; that appellant had a right to withdraw that portion of the sidewalk entirely from public use for a reasonable time, for the purpose of making improvements on the adjoining property ; and that the evidence shows it was so withdrawn.    There is no doubt of the right and power of the defendant, under proper circumstances, to withdraw a sidewalk from public use for the purposes indicated, but in doing so it would be the duty of the city to so withdraw it as to leave no doubt of its intention to wholly exclude the public therefrom.    This is a question of fact.    Was it so withdrawn as to notify the public of their exclusion therefrom?    The evidence is somewhat conflicting ;  so that it is necessary for some one to decide whether it was so withdrawn or not ; and it is a question properly left to the jury.    This third instruc-

tion, when taken in connection with the first given for the defendant, fully and fairly presents this question to the jury. That instruction is as follows:

No. 1. "The owners of property adjacent to a street, with the permission of the city, have a right to temporarily obstruct and use such part of a street, and for such time as is reasonable and necessary in making improvements on such property, and the city cannot be held liable for damages that may occur on such part of a street so used when precautions and guards have been used, sufficient to notify the public, in the exercise of ordinary prudence and care, of danger into which the injured party fell."

These two instructions are harmonious and correct under the evidence. The question is presented to the jury by this instruction whether the precautions and guards used by the city were sufficient to notify the public. If they were, the city was not liable, but if not, then the defendant must suffer for the neglect.

II. The second objection of the defendant is to the action of the court below in giving the fourth and eighth instructions for the plaintiff, which are as follows:

No. 4. "The court instructs the jury that plaintiff, in the exercise of ordinary care, was not bound to select the sidewalk that was safest to travel upon, but that he had a right to infer and believe that the sidewalk upon which he was injured was reasonably safe; if they believe from the evidence that no guards were up at the time the injury occurred, to warn plaintiff of the danger of falling into the ditch across the sidewalk, and that the plaintiff was using ordinary care at the time he fell into the ditch and was injured, and had no knowledge at the time of the existence of said cut or excavation across the sidewalk."

There is no rule of law that required the plaintiff, while upon the street, to use extra caution to avoid injury from any defects therein. Plaintiff had a right to presume that the sidewalk was in a fit condition to

travel.   He was not obliged to presume negligence on
the part of those whose duty it was to keep the streets
and sidewalks in good condition.   2 Thompson on Negli-
gence, pages 1172, 1197, 1198 and 1199 ; *Woods v. Boston*
121 Mass. 337 ; *Hill v. Seekonk*, 119 Mass. 35.

No. 8.   " The court instructs the jury that if they
believe from the evidence the ditch across said sidewalk
rendered the same dangerous, and that no guards were
up to warn plaintiff of the danger at the time he was in-
jured, and that plaintiff was using ordinary care and
prudence   at   the   time   he   fell   into   the   ditch   and
was   injured,   they   must   find   their   verdict   for   the
plaintiff."

The court, also, gave for the defendant instruction
numbered five, as follows, after modifying it by the in-
sertion of the words, " when he fell :"

No. 5.   " If the jury believe from the evidence that
the plaintiff knew the condition of the sidewalk (when
he fell) at the time he attempted to pass over it, or might
have known it by the exercise of ordinary diligence and
care, then he cannot recover in this action.   And in ar-
riving at the plaintiff's knowledge of the said sidewalk,
or his opportunity to know the same, they should take
into consideration all the facts and circumstances shown
by the testimony."

And, also, modified the second instruction as asked
by the defendant, by the addition of the last sentence
thereto, and then gave it.   It is as follows :

No. 2.   " If the jury believe from the testimony that
the excavation complained of by plaintiff was made by
one B. F. Stone, for the sole purpose of erecting a build-
ing and to drain his cellar, by the permission of the
defendant, then the court instructs you that said Stone
had a right, during the time he was so building and im-
proving his lot, to employ and occupy the sidewalk and
a reasonable portion of the street adjacent to said lot for
a reasonable and necessary time, for the purpose of aid-
ing and facilitating said work.   *But it was the duty of*

*the city to see that its sidewalk over which the public traveled, was kept in a reasonably safe condition during such use and occupancy by B. F. Stone."*

These instructions, all taken together, submitted to the jury various questions of fact to be passed upon. Had the appellant withdrawn its sidewalk from public use, for purposes of improvement? If so, did it give reasonable notice of such intention? Did respondent use ordinary care and prudence in choosing the sidewalk over which to pass? Did the plaintiff use ordinary care in observing the evidences of intention to withdraw the sidewalk from public use? Did the plaintiff know the condition of the sidewalk and ditch at the time he attempted to pass over it? Or might he have known it by the exercise of ordinary care? These are all facts to be found by the jury, under the instructions of the court. If there was evidence tending to prove them, or any of them, then neither this court, nor the circuit court could withdraw the question from the jury. In *Buesching v. The St. Louis Gaslight Company*, 73 Mo. 219, it is held by this court that "if it appears, without any conflict of evidence, from the plaintiff's own case, or from the cross-examination of his witnesses, that he was guilty of negligence, proximately contributing to produce the injury, it would be the duty of the court to take the case from the jury, by declaring as a matter of law that the plaintiff cannot recover."

In the case at bar there is conflict of evidence. The plaintiff's own statement tends to show that he did not know of the existence of the ditch across the sidewalk; and the testimony of himself and other witnesses tended to show that the sidewalk had been and was being used by persons passing back and forth. On the other hand, the evidence tended to show the existence of piles of dirt on the sidewalk, and obstructions, in the way of scantlings, etc., which would probably put one on his guard, and indicate the existence of an intention to withdraw the sidewalk from use, etc. But the case certainly

does not come within the rule in 73 Mo., *supra*. Hence we think the question of negligence was properly submitted to the jury. 73 Mo. 219 ; 74 Mo. 480 ; 77 Mo. 431.

In *White v. City of Boston*, 122 Mass. 491, it is said : "It is undoubtedly true that the authorities of a city or town may temporarily close a highway against use, for the purpose of making repairs in the way, and escape liability to any person who may attempt to use the same as a way, with knowledge that it is closed    *    *    * But, in order to relieve the municipality from liability to a person sustaining injury, by reason of his attempt to use it, it must be closed. What is sufficient to show that it is thus closed, is a question of fact."

III.   The appellant complains of the court below for refusing the seventh instruction asked on behalf of the city, which was as follows :

No. 7.   "The jury are instructed that for the purpose to make improvements the city had a right to take any sidewalk, part of a sidewalk or street, out of public use, and give permission to any person making such improvements to use the same for such purpose, and make all necessary excavations in any street or sidewalk for the same, and continue them for a reasonable and necessary time, and before plaintiff can recover it devolves upon him to show that the excavation complained of, into which plaintiff fell, was unreasonably continued, or that at the time of the injury the said excavation was exposed beyond what was necessary for building purposes, and also that the city had notice of that identical instance of exposure, and carelessly neglected it, and that plaintiff fell into the same and got injured without any negligence on his part."

This instruction was very properly refused, for one sufficient reason at least : Because it told the jury that plaintiff could not recover unless he showed that he fell into the excavation, "without any negligence on his

part." In *Buesching v. The St. Louis Gas Light Co.,*
73 Mo. 219, it is said : "It has been repeatedly decided
by this court that it is not incumbent upon the plaintiff,
in the first instance, to show that he was free from negli-
gence, or in the exercise of ordinary care, at the time of
receiving the injury complained of, but that the concur-
ring negligence of the plaintiff is a matter of defence,
and the burden of showing it is, therefore, upon the de-
fendant."

As to the question of notice to the city, presented by
this instruction ; the answer alleges permission of the
city to Stone to use the street, etc., for building purposes,
and of course, therefore, needed no notice of the fact
that Stone was using it for the purpose indicated, and
had excavated a cellar, ditch, etc., in furtherance of his
design of building. The act of Stone, by permission of
the city, was the act of the city, and it makes no differ-
ence in such case whether the excavation was made by
the city or by Stone, with its permission. The city
would be equally liable. *Bassett v. St. Joseph*, 53 Mo.
298 ; *Russell v. Inhabitants of Columbia*, 74 Mo. 480.

On the trial, the city, by its marshal, introduced evi-
dence tending to show that certain obstructions were
placed across the wagon road leading into the cellar ex-
cavation, for the purpose of protecting persons from
damage or injury. There was no evidence, except by
inference, to the effect that the alleged barriers had been
removed on the night of the accident, after being once
in place, as testified to by the city marshal. If it be
true that they were so placed on the night of the acci-
dent, as sworn to by the city's officer, then in the absence
of proof of their removal by some unauthorized agency,
no notice to the city would seem to be necessary. There
was nothing of which to notify the city. It had notice
of the excavations, and the placing of the barriers, such
as had been nightly placed, and there was nothing to
show they had been removed. The jury may have con-
cluded that the testimony of the city marshal was not

true, or more probably, that the barriers were not such as were necessary and sufficient, under the circumstances, to protect the cellar excavation and the ditch from the approach of the plaintiff, or to notify him of the danger. The evidence in relation to the alleged barriers was conflicting, and presented a question solely for the consideration of the jury, and in our opinion the refusal of this seventh instruction was not error.

IV. The appellant insists that the circuit court committed error in refusing to grant a new trial because of newly discovered evidence. We have carefully examined the affidavits setting out the newly discovered evidence, and have reached the conclusion that this court would not be justified to interfere in this case for two reasons: "The granting of new trials, because of evidence subsequently discovered, rests, for the most part, with the trial court; and any doubt as to whether the discretion vested in this regard in that tribunal has been soundly exercised is to be resolved in favor of its ruling. It is only in a case entirely free from any element of uncertainty as to the impropriety of such ruling, that appellate courts feel themselves called upon to interfere." *Cook v. St. L. & K. R. R.*, 56 Mo. 380; *People v. Superior Court of New York*, 5 Wend. 114. And, secondly, a new trial on the ground of newly discovered evidence should not be granted unless the newly discovered evidence would probably have changed the result. *Shaw v. Besch*, 58 Mo. 107. In this case it is not probable in our opinion that the newly discovered evidence would have changed the result, and we will not reverse this case for failure to grant a new trial on the grounds set up.

Upon the whole case, as presented by the evidence and instructions, we are of the opinion the questions were fairly presented to the jury, and with whose finding we will not interfere. The judgment is affirmed. All concurring.