ANTHONY, *Sheriff, to use of Deggendorf*, v. BARTHOLOW, *et al.*, *Appellants*.

1. **Execution**: SHERIFF'S RETURN, WHEN CONCLUSIVE.   In a suit upon a bond given by the plaintiff in an execution to the sheriff to indemnify him for the seizure and sale under the execution of property claimed by a third party, the sheriff's return is conclusive upon the plaintiff in the execution, as to the fact of a levy upon the property, in favor of the claimant.   *Burgert v. Borchert*, 59 Mo. 80, distinguished.

2. ——— : ESTOPPEL.   Where ninety-eight barrels of zinc were levied upon by the sheriff under an execution, and the claimant of the property was allowed to retain it upon giving a delivery bond to the sheriff; and the same number of barrels of zinc were delivered upon demand to the sheriff, and accepted by him as and for the zinc levied on, and sold by him under the direction of the plaintiff in the execution, and the proceeds applied in satisfaction thereof; *Held*, that the plaintiff in the execution was estopped from asserting that the zinc so received was different zinc from that which was seized under the levy.

3. **Instructions**.   Where an appropriate instruction is given, it is no error to refuse another instruction to the same effect.

4. **Execution**: NOTICE OF CLAIM: ESTOPPEL.   Where the owner of property, levied upon by the sheriff under an execution against a third party, asserts his claim before the sheriff, who notifies the plaintiff in the execution of such claim, who in consequence thereof executes an indemnifying bond, in which he admits knowledge of the claim, the owner is not required, as against the sheriff, or the plaintiff in the execution, to assert his claim, again, by forbidding the sale.

*Appeal from Washington Circuit Court.*—HON. JOHN B. ROBINSON, Judge.

The instructions asked by defendants, and refused, are as follows:

1.   The court declares the law in this case to be, that to constitute a valid levy upon personal property, as to third persons, there must be an actual seizure or possession of the property by the officer, in such a manner at least, as to be subject to dominion or control; and if the court find from the evidence that neither the sheriff, nor any one for

him, did at any time prior to the sale by him of the property in question, take such possession or control of said property, but did nothing more than make out a list of the property, and indorse it on the execution, then, in contemplation of law, there was no levy made.

2. If the court finds from the evidence that no levy has been made by the sheriff, of the property, in the manner required by law, as stated in the foregoing instruction, prior to the execution and delivery to the sheriff of the indemnity bond by the plaintiffs in the execution, then said bond does not cover any subsequent levy, if one was made subsequently, and the plaintiff cannot recover in this action.

3. Although the court may find from the evidence that the sheriff did levy upon ninety-eight barrels of oxide of zinc, and other property by virtue of an execution in favor of Bartholow, Lewis & Co., and against the Washington Mining & Zinc Company, and that said zinc was the property of the plaintiff, yet if the court finds from the evidence that said property was not taken out of the possession or control of plaintiff, by the sheriff, nor in fact was ever sold by the sheriff, then plaintiff can only recover such damages as the proof may show he has sustained by reason of such levy.

4. Although the court may find from the evidence that under the execution referred to in the petition, the sheriff did levy upon certain property of Joseph Deggendorf, the plaintiff in this action, yet if it further finds that the sheriff took a delivery bond for said property, and.left said property in said Deggendorf's hands, and that the property levied on was of sufficient value to satisfy said execution, and none of it sold thereunder, that the sheriff could make no further levy of other property under said execution and any subsequent sale of any of said Deggendorf's property for the purpose of satisfying said execution, was illegal and not made by virtue of said execution.

5. If the court finds from the evidence in the cause

that under and by virtue of the execution referred to in the petition, the sheriff did levy upon certain property claimed by Joseph Deggendorf, the plaintiff in this cause, and that said property was sufficient in value to satisfy the amount of said execution; and that in fact none of the property so levied on, but other and different property was sold, the defendants are not estopped from alleging and proving on the trial that other and different property was sold than that levied on, to the satisfaction of the court, then the plaintiff cannot recover in this action upon the indemnity bond for any damages suffered by him by reason of such sale.

6. If the court find from the evidence that the sheriff made a levy under the execution in question, and afterwards released the property and left it in the possession of Deggendorf, and that Deggendorf used and disposed of it, and voluntarily, on the day of sale, turned out other and different property to the sheriff, which he sold, any damages which may have resulted from such sale were not covered or referred to by the bond in suit, and defendants are not liable on the bond in suit for such damages.

7. Although the court may find from the evidence that the plaintiff, Joseph Deggendorf, executed and delivered to the sheriff a delivery bond covering the property in question, yet said bond was voluntary and unauthorized by law, and did not preclude said Deggendorf from using said property, nor did the giving of said delivery bond amount to a levy or seizure by the sheriff.

8. Although the court may find there was an indemnifying bond executed and delivered, as alleged by plaintiff, after a levy had been made upon property by the sheriff, yet if the court find from the evidence that said property so levied upon was not in fact sold by the sheriff under execution, but that he sold other and different property than that levied upon, then the plaintiff cannot recover in this action any damages he may have sustained by reason of said sale.

9. If the court, sitting as a jury, find from the evidence that the plaintiff, Joseph Deggendorf, was secretary of the Washington Mining & Zinc Company, in possession of same for the corporation, then said Deggendorf could not, of his own act, divest the corporation of the possession of said works and property, and assume possession of and control and operate the same, for his own use and benefit, even though the court should find that the corporation was insolvent and unable to carry on its operations.

10. The plaintiff, Joseph Deggendorf, being the agent and business manager of the Washington Mining & Zinc Company, could not, without the consent of said company, operate the works of said company for his own benefit, and any and all contracts entered into by said Deggendorf with outside parties to operate said works, are void, and all profits arising from such contracts, and all property produced or acquired by reason of such contracts, are the sole and exclusive property of the principal, the Washington Mining & Zinc Company, unless the court shall find that Deggendorf was discharged from his trust by his principal, the Washington Mining & Zinc Company.

11. The plaintiff, Deggendorf, being the agent and business manager of the Washington Mining & Zinc Company, could alone be relieved from the obligations of his trust by his principal, the Washington Mining & Zinc Company, and unless so released and discharged, all of his acts, contracts entered into, and all property produced or acquired by reason of the operation of said zinc works, enured to the benefit of the said Washington Mining & Zinc Company, and were in law subject to the claims, demands and judgments of the creditors of said company.

*Henry Flanagan* for appellants.

1. The evidence can scarcely leave a doubt that the property sold had never been seized or levied on by the sheriff. That which he saw on his visit to the zinc works,

on June 1st, 1874, and which he describes in his return as having been levied on, was never in his custody or under his control. It had been shipped to St. Louis by Deggendorf, long before the day of sale, and placed beyond the power of the sheriff. A recovery could only be had upon proof of an actual seizure, in order to bring the case within the statute. *Wood v. St. L., K. C. & N. R. R. Co.,* 58 Mo. 109 ; 1 Wag. Stat., §§ 28, 29, p. 607 ; § 19, p. 606 ; *Yeldell v. Stemmons,* 15 Mo. 443; *Newman v. Hook,* 37 Mo. 207 ; *Converse v. McKee,* 14 Texas 20 ; *Bryan v. Bridge,* 6 Texas 137; *Simpson v. Allain,* 7 Rob. (La.) 500 ; *Fluke v. Bullard,* 2 La. Ann. 338; *Gaines v. Merchants' Bank,* 4 Id. 369. As the property sold was not that which the sheriff levied on, the bond given by the defendants does not relate to it, and they are not liable in this action. Whether the alleged levy of the sheriff on the 1st day of June, 1874, was valid or not, there can be no question but it was released by the detention of the property by Deggendorf, and his subsequent disposition of it. An officer cannot levy upon one piece or article of property and substitute another at the sale. Such substitution operates a release of the levy. *Ohio v. Fuller,* 14 Ohio 545.

2. Deggendorf was not a party to the action between the banking house of Bartholow, Lewis & Co., and the Washington Mining & Zinc Company, upon the judgment in which the execution issued. Hence it was erroneous to hold " that the defendants are conclusively bound by and estopped from denying the statements of the sheriff in his return, and the legal and necessary conclusions arising therefrom" and " that the defendants are estopped to deny that the property sold was part and parcel of that embraced in the levy." *Baker v. McDuffie,* 23 Wend. 289 ; *Burgert v. Borchert,* 59 Mo. 80; Crocker on Sheriffs, § 45.

3. Deggendorf could not stand by silently and see his property sold as that of another without asserting claim to it, at the proper time, and not be estopped by his silence. Crocker on Sheriffs, § 845 ; *Shumway v. Rutter,* 8 Pick. 443;

*Robinson v. Holt*, 39 N. H. 557; Bigelow on Estoppel, 449; *Daumiel v. Gorham*, 6 Cal. 43.

*G. I. Van Allen* for respondent.

NORTON, J.—This is a suit on an indemnifying bond given by defendants to the sheriff of Washington county against all damages and costs which he might sustain in consequence of the seizure and sale of property claimed by plaintiff, Deggendorf, and levied upon in virtue of an execution in the hands of the sheriff in favor of the banking house of Bartholow, Lewis, & Co., and against the Washington Mining & Zinc Company. The property levied upon consisted, among other things, of 150 barrels of oxide of zinc, 98 barrels of which it is alleged were sold under said levy. The suit is prosecuted in the name of the sheriff for the use of said Deggendorf, who alleges that he was the owner of said zinc at the time it was levied upon and sold, and also that he was damaged by the seizure and sale of it in the sum of $2,000. The answer of defendants puts in issue the allegations of the petition and avers substantially that the 98 barrels of zinc claimed to have been levied upon by the sheriff were never sold by him, and that the zinc that was sold was not the property of Deggendorf. The cause was tried by the court, a jury having been waived, and resulted in a judgment for plaintiff in the sum of $1,116.95.

On the trial each party offered evidence tending to prove his theory of the case. During its progress many exceptions were taken, but as only those which relate to the action of the court in giving and refusing instructions, have been brought to our attention in the brief of counsel, we will confine ourselves to a consideration of them. The court refused all the instructions asked both by plaintiff and defendants, and gave, of its own motion, the following, which were excepted to.

1. The court instructs the court sitting as a jury, that if it find from the evidence that, on the 5th day of August,

1874, Joseph Deggendorf was the owner and in possession of 98 barrels of oxide of zinc, on which the sheriff of Washington county had previously levied, and for the delivery of which said Deggendorf had executed and delivered to said sheriff a delivery bond, and that said sheriff on said 5th day of August, 1874, sold said property, the court will find for the plaintiff for the value of the property so sold at the date of sale, and assess damages accordingly, with interest at six per cent. thereon.

2.   The court instructs the court sitting as a jury, that if it shall find from the evidence in the cause that the defendants herein recovered judgment in St. Louis county against the Washington Mining & Zinc Company, and caused an execution thereon to issue to the sheriff of Washington county, and that said sheriff, in pursuance of the mandate of said writ, and in the execution thereof, levied the same on 150 barrels of zinc, the property of the plaintiff; and that he notified the sheriff, who was, in the execution of said writ, the agent of defendants, that the property was his, and not that of said company, and that after said notice was given as aforesaid, the sheriff, as the agent of defendants, acting by virtue of their commands in said writ, and by direction of their attorney on the ground at the time, did sell 98 barrels of zinc, as the property specified in the levy, by which authority alone he could sell, and that the attorney of defendants was present at the sale, superintending the same and received and receipted for the money arising thereupon, then, and in such case, if the court shall find that the zinc was plaintiff's property, defendants are estopped to deny that the property sold was part and parcel of that embraced in the levy, and the plaintiff may recover therefor in this action.

5.   The court declares the law to be, that the sheriff, in making the levy and sale under the execution of Bartholow, Lewis & Co., was the agent both of them and of the Washington Mining & Zinc Company, the defendants in the execution, and if the court shall find that the sheriff

under said execution levied upon the property of said defendants, including 150 barrels of zinc, to satisfy said execution, and that at the time of the levy thereon the present plaintiff notified the sheriff that said zinc was his property, that said company owned no personal property there; that he was making zinc, at his own expense, in the operation of the works, then such a warning was a continuous notice to the sheriff and said plaintiff in the execution, that the zinc produced, and being produced, was not the property of defendant, in said execution; and although the court may believe that the mineral sold under the execution was different zinc from that levied on by virtue of the execution, and that the plaintiff was present at the sale and knew this fact, and made no objection to the sale thereof, as the property levied on, he is not estopped to sue the defendants upon the indemnity bond by reason of such silence, for they were still affected by the notice before mentioned herein.

6.    The court declares the law to be, that if the plaintiff in this action was the agent of the Washington Mining & Zinc Company, in the management and operation of its works, he could not, in such event, without the consent of said company, operate the works of said company and claim the products thereof for his own benefit and behoof; but on the contrary, in such case, any contracts entered into by plaintiff with third parties, and the issues and profits arising therefrom, less the cost of producing the same, so far as paid by plaintiff, are the property of said company, unless, from the evidence, the court shall find that the agency or fiduciary relation between the plaintiff and said company had terminated before the property levied on was produced.

9.    The court declares the law to be, that the law presumes the zinc sold by the sheriff to be a part of that embraced in the levy, and the burden of proof rests on the defendants to show that such was not the case, to the satisfaction of the court sitting as a jury.

13—69

10. The court instructs the court, sitting as a jury, that defendants, (being plaintiffs in the execution under which said sheriff acted in making his levy,) are conclusively bound by and estopped from denying the statements of the sheriff in his return, and the legal and necessary conclusions arising therefrom in this action; and that all evidence in the cause tending to show that there was in fact no levy made on the zinc, is incompetent, and ought not to be considered.

When the issues presented by the pleadings are considered, it would seem that the above instructions are peculiarly applicable to them. All the questions at issue and raised by the pleadings are fully submitted by them, and plaintiff's right to recover predicated on the establishment by him of the facts, that the sheriff levied the execution upon 98 barrels of zinc, that at the time of the levy the zinc was his property, and that it was subsequently sold under the levy.

That a levy was made is established by the return of the officer indorsed on the execution, and this is conclusive 1. EXECUTION: as to that fact, in the present action, on the sheriff's return, when conclusive. defendants, who were plaintiffs in the execution, and who admitted the fact of the levy in the indemnifying bond sued upon. Held in the case of *Hallowell v. Page*, 24 Mo. 590: " To permit the parties to an action to controvert the truth of the return of the officer deputed by law to serve the process, would produce great delay and embarrassment in the administration of justice. Hence it is the general rule that as between parties to the process or their privies, the return is usually conclusive, and is not subject to collateral impeachment. This rule, it is said, is necessary to secure the rights of the parties, and give validity and effect to the acts of ministerial officers, leaving the persons injured to their redress by an action for false return."

As between the parties in the suit in which the return is made, and privies and the officer, the return of the offi-

cer is conclusive and cannot be impeached, except when the latter is charged in a direct proceeding with a false return.

Until such return is reformed by a direct proceeding for that purpose, it is conclusive against the officer, where-ever the party against whom he seeks to impeach it derives some interest from or under it. Gwynne on Sheriffs, 573, 575. Plaintiff in this suit derives his right to sue by reason of the levy made and the subsequent sale of the property, and in that respect this case is distinguishable from the case of *Burgert v. Borchert*, 59 Mo. 80, where the interpleader claimed no right under the return of the officer.

We are, therefore, of opinion that the objections taken to the second and tenth instructions are without foundation, and that no error was committed by the court in refusing the declarations of law asked by defendants numbered one, two and seven, which relate to what is necessary to constitute a valid levy.

Neither was there error in refusing the eighth instruction, because it ignores the question as to whether the 98 2. ——: ESTOPPEL barrels of oxide of zinc sold in August, 1874, by the sheriff, were accepted by him, as well as by Stevenson the agent of defendant, as the zinc levied upon, and the fact that it was sold as such by direction of defendants' agent and the proceeds of sale received by him. We think it clear from the evidence that 98 barrels of zinc were levied upon by the sheriff in July, 1874; that Deggendorf, the claimant of it, was allowed to retain it upon giving bond to have the property forthcoming when demanded by the officer for sale; that at the sale 98 barrels of zinc were delivered by Deggendorf to the sheriff, which he accepted as and for the zinc levied upon, and which was sold by direction of defendants' agent, and the proceeds applied in satisfaction of the execution. By thus accepting the zinc as the same that was levied upon, selling it under the execution, and paying the proceeds to the agent of defendants directing the sale, we think they are estopped from

asserting the fact that the zinc so received was different zinc from that which was seized under the levy. One is estopped from denying the right of another to do an act which was done under his direction, where an injury would result to another from allowing the right to be disproved. *Bunce, Admr., v. Beck, Exr.*, 46 Mo. 327. It matters not whether the forthcoming bond given by Deggendorf was or was not a statutory bond; it was sufficient to constitute him, as receiptor, a bailee of the sheriff. For the reason here given defendants' instructions numbered four, five and six were properly refused.

Instructions numbered nine, ten and eleven were also properly refused, because an appropriate instruction on the 3. INSTRUCTIONS. same matter contained in them was given in the sixth declaration by the court of its own motion.

It is insisted that instruction number five is erroneous, because there was no evidence justifying the court in in-4. EXECUTION: no- serting therein the words "that he was mak-tice of claim: es-toppel. ing zinc at his own expense." The only notification given by plaintiff to the sheriff at the time the levy was made, as appears from his own evidence, was as follows: "I told the sheriff that the company had no property there; it was all mine." While we think that the said instruction is open to the objection made to it, we are of the opinion that it was harmless, for the reason that, although the zinc which was sold by the sheriff may have been different zinc from that levied on, yet as plaintiff knew that fact, was present at the sale, and made no objection to the sale thereof as the property levied on, his right to recover would be unimpaired, provided the sheriff and defendants accepted the zinc as and for the zinc levied upon, and the sheriff, by direction of the defendants, sold it as such; and provided, further, that the zinc which was sold was in fact the property of plaintiff.

He had asserted to the sheriff his claim to the zinc which he levied upon; of this claim the defendants had been notified by the sheriff, and to protect him from liabil-

ity which might grow out of such levy, defendants executed the indemnifying bond upon which this suit is founded, in which they admit knowledge of plaintiff's claim. Plaintiff having thus asserted his ownership of the property to defendants, was not bound, either as to the sheriff or defendants, for whose benefit the levy was made, again to assert his claim by forbidding the sale. While his silence at the sale, (if he were silent,) if it operated as a fraud on a purchaser at such sale, might estop him from subsequently asserting title as against such purchaser, it could have no such effect as to the defendants, they having already been notified of his claim. *Bales v. Perry,* 51 Mo. 449.

The sheriff, in his evidence, swears that "Stevenson was present at the sale acting as attorney. I sold it at his direction. Deggendorf claimed the property." The questions at issue having been fairly submitted in the instructions, the judgment is affirmed. All concur.

AFFIRMED.