WILLIAM COOK BY NEXT FRIEND, Respondent, v. THE MISSOURI PACIFIC RAILWAY Co., Appellant.

Kansas City Court of Appeals, November 9, 1885.

1. NEGLIGENCE—ISSUES OF FACT FOR THE JURY UNDER PROPER INSTRUCTIONS.—Upon the controverted issue of contributory negligence, the determination of the question is peculiarly for the jury under proper instructions, and it would be usurpation for the trial court to take such an issue from the jury.

2. PLEADING—SUFFICIENCY OF AVERMENTS.—The law is too well settled to admit of discussion that in the action for injuries to the person, by the person injured, it is not essential that the petition should specially aver that the injury is permanent in order to recover therefore. "The gist of the action is the injury to the person, and the prospective damages are considered to be the immediate and natural consequences of the injury." 2 Thompson on Neg. 1250, sect. 33 ; *Tyson v. Booth*, 100 Mass. 258 ; *Russell v. Columbia* 74 Mo. 480.

3. EVIDENCE—INFERENCES OF JURY FROM PROOF.—The jury may infer mental pain from the inevitable physical pain, on "the known and experienced connection * * * between facts proved and the fact in controversy." 1 Greenl. Evid., sect. 17.

APPEAL from Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The material facts are stated in the opinion of the court.

WM. S. SHIRK and THOMAS J. PORTER, for the appellant.

I. The demurrer to plaintiff's case admitted defendant's negligence, but this alone does not necessarily entitle him to recover. When plaintiff's *own* evidence discloses the facts as to his contributory negligence, as in this case, it is immaterial what the allegations of the answer are.

II. There was error in plaintiff's instruction as to the measure of damages. It was necessary to be more specific to entitle plaintiff to recover for any mental anguish, and show that it naturally and necessarily resulted from the physical injuries. We concede that damages, which are the natural and necessary consequences of the injury, are recoverable, without a special averment of prospective damages, but anything more than that is special and must be specifically alleged and proved. But the petition does not state such facts in this case.

DRAFFEN & WILLIAMS, for the respondent.

I. There was no error in overruling the demurrer to the evidence. The defendant's negligence was clearly proven, and in fact it was not disputed. There was no proof of contributory negligence, and such as was pleaded was disproved. *Johnson v. Chicago, R. I. & Pac. Ry. Co.*, 77 Mo. 546.

II. The plaintiff's instruction was unobjectionable. It submitted the question of defendant's negligence, and also of plaintiff's alleged contributory negligence, to the jury, as fairly as defendant could ask.

III. There was no error in plaintiff's instruction as to the measure of damages. It was not necessary that the averments should be more specific. Nor was it necessary to specially plead it. Mental suffering is considered to be so much the plain and natural consequence of the injury, that damages may be recovered therefor, without any special allegation of it in the complaint. 2 Thompson on Neg. 1258, sect. 5; *Porter v. Hannibal & St. Jo. R. R.,* 71 Mo. 66; *Russell v. Town of Columbia,* 74 Mo. 480.

IV. There was no error in admitting the evidence of physicians as to the nature and extent of the plaintiff's injury. It was certainly competent to do this. The gist of the action is the injury to the person, and the prospective damages are considered to be immediate and natural consequences of the injury. *Bradbury v. Benton,* 69 Mo. 194; *Tyson v. Booth,* 100 Mass. 258; *Russell v. Columbia,* 74 Mo. 480.

V. Defendant's instructions were properly refused, and the errors assigned by it are wholly devoid of merit.

PHILIPS, P. J.—This is an action to recover damages for personal injury. The controlling and material facts, as disclosed at the trial, are substantially as follows: The plaintiff, a minor about eleven years old, was sent by his employer with a wagon drawn by two mules to a field after corn. To reach the field plaintiff had to cross defendant's railroad track. This crossing was a public highway. At the point of intersection both the railroad and the highway pass through a deep cut almost at right angles to each other. The evidence showed that plaintiff's employer cautioned him on setting out, to look out for any train that might be on said railroad. The uncontradicted evidence is, that the most eligible, if not the only proper place, at which to stop, before entering on the railroad track, to take observations for an approaching train, was forty or fifty yards from the track, and just before entering the cut of the public highway leading on to the track. At this point of observation an approaching train could be seen eighty rods, and the sig-

nals best heard. The testimony was that the plaintiff did stop at this point, and did both look and listen for any train that might be approaching. Neither seeing nor hearing one, he proceeded at once to effect the crossing. It was down grade, and he went at a slow trot. While in this cut the opportunities for hearing a train were diminished, and the view of one was cut off. Just as plaintiff's team reached the track the cars dashed upon him, killing the mules and seriously crippling the plaintiff. The evidence further showed, without contradiction, that the defendant, on approaching this crossing, neither rang the bell nor sounded the whistle required to be attached to its engine, as by statute provided.

The plaintiff recovered judgment, and the defendant has appealed.

I. The first question raised by appellant is, that under the evidence the plaintiff should have been nonsuited, on the ground that he was guilty of contributory negligence. Wherein this case differs materially from that of *Johnson v. Ry. Co.* (77 Mo. 546), except that it be a stronger case for the plaintiff, I am unable to discover. The plaintiff stopped and listened at the only eligible place to see and hear. This was so near the track of the railroad as to justify any reasonable person similarly situated, in believing that, at the speed the plaintiff went, he would clear the track before a train would approach. Having started into the cut, it was solely a question for the jury as to whether prudence and common sense would not dictate that the course of safety was to proceed right on without halting again in so precarious a situation. *Moberly v. R. R. Co.* (17 Mo. App. 518). At all events this was peculiarly a question for the jury, and it would be a bold usurpation of authority for the court to take such an issue, under such state of facts, from the jury. Case, *supra.*

The defendant was guilty of gross and most culpable negligence in running its train, as the evidence shows it did, onto such a crossing at a speed of twenty-five miles an hour, in utter disregard of the mandate of the statute

to give a warning signal. Had it done its plain duty under the statute in this instance, it is altogether probable, from the surrounding circumstances, that parties in the immediate vicinity, as well as the boy himself, would have heard the signal, and saved the plaintiff from the misfortune of going through life a cripple.

II. It is assigned for error that on the trial the plaintiff was permitted, over the objection of defendant, to introduce evidence tending to show that plaintiff's injuries were permanent. The physicians, in testifying to the character of the injuries, stated that one of plaintiff's legs was so injured that it would necessarily be shorter than the other. The objection to this proof is based on the proposition that the petition does not, in so many words, allege that the injuries received were of a permanent character. The averments of the petition in this respect are, that by reason of the collision the plaintiff's leg was broken, and he was otherwise greatly bruised, wounded and injured.

The law is too well settled to admit of discussion that in the action for injuries to the person, by the person injured, it is not essential that the petition should specially aver that the injury is permanent in order to recover therefor. "The gist of the action is the injury to the person, and the prospective damages are considered to be the immediate and natural consequences of the injury." 2 Thompson on Neg. 1250, sect. 33; *Bradbury v. Benton,* 69 Mo. 194; *Tyson v. Booth,* 100 Mass. 256; *Filer v. N. Y. Cent. R. R. Co.,* 49 N. Y. 42; *Russell v. Columbia,* 74 Mo. 480.

III. Exception is taken to the following instruction given on behalf of plaintiff:

"2. If the jury find for the plaintiff, in assessing his damages they will take into consideration the physical injury sustained, the mental anguish endured, as well as the bodily pain suffered by the plaintiff, the expense of being treated for said injury and all damages to the plaintiff, necessarily resulting from said injury, and will allow

him such damages as from the evidence they may find
that he has sustained, not exceeding $2,000.''

The objection urged against it is, that there was no
allegation in the petition to authorize the admission
of evidence, nor was there any special proof of mental
suffering. Without conceding that such averment is
necessary to be made in the petition, it is sufficient to
say that the petition does distinctly aver : ''that he
(plaintiff) has suffered great pain *and anguish* from the
injuries so sustained.'' The word ''anguish'' certainly
applies *inter alia*, to an operation of and upon the mind.
Webster defines it : '' Extreme pain, either of body or
mind, and as synonymous with agony, distress, pang,
torment, etc.'' Mental suffering is so allied to and in-
separable from physical injury, of the character in ques-
tion, that it follows as effect does cause. We may
conceive of a child so young that it could hardly be af-
firmed of it that it suffered in mind-felt anguish and like
emotions, but in the instance of a person of the age of
this plaintiff, if of ordinary intelligence, which his tes-
timony indicates he possesses, the jury may infer the
mental pain from the inevitable physical pain, on '' the
known and experienced connection subsisting between
collateral facts or circumstances proved, and the fact in
controversy.'' 1 Greenl. Ev. 17 ; *Randolph v. R. R. Co.*,
18 Mo. App. 609, and cases therein cited.

We discover no error in this record. The judgment
of the circuit court is, therefore, affirmed. All concur.