ANNIE E. LEWIS, Respondent, v. THE CITY OF
INDEPENDENCE, Appellant.

Kansas City Court of Appeals, May 1, 1893.

1. **Evidence**: PLEADING: DAMAGES: PERMANENT INJURY. Where a
petition on its whole face shows that permanent injuries are covered
by its allegations, evidence of such injuries is admissible; besides,
it is not necessary to allege permanent injuries in order to allow
such character of damages. There was sufficient evidence to sustain
an instruction as to permanent injuries.

2. **Negligence**: EARTH ON CULVERT: INSTRUCTION: EVIDENCE. The
evidence in this case justified an instruction submitting to the jury
the question whether a culvert was out of repair on account of the
earth having been washed off and on account of the character of the
stone and the way in which it was placed over the culvert.

3. **Contributory Negligence**: INCREASED SUSCEPTIBILITY TO INJURY:
PREGNANCY. The fact that plaintiff's condition — advanced preg-
nancy—rendered her more susceptible to injury will not relieve the
defendant city from its obligation to keep its streets in such repair
that they will be reasonably safe for women in her condition to travel
over in a two-wheeled cart.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

*Gates & Wallace* and *Albert Ott*, for appellant.

(1) The court erred in submitting to the jury the
question of a permanent injury. In the first place the
petition does not allege that the injuries were perma-
nent. In the second place there was no evidence that
the plaintiff's injuries were permanent. *Crawford v.
Railroad*, 55 N. Y. 255; *Mosher v. Russell*, 44 Hun,
12; *Strohm v. Railroad*, 96 N. Y. 305; *Miley v. Rail-
road*, 8 N. Y. 455; *Baily v. Wescott*, 14 Daly, 506;

4 N. Y. 482.; *Dawson v. Troy*, 2 N. Y. 137; *White v. Railroad*, 61 Wis. 536; *Wilburn v. Railroad*, 36 Mo. App. 204. (2) The court erred in submitting to the jury the question of negligent construction of the culvert, that is, the character of the stones on said culvert and the manner in which they were placed on said culvert. There was no evidence that it was negligently or improperly constructed, either as to the manner in which it was built or the character of stone used. *Evans v. Railroad*, 106 Mo. 594; *Conway v. Railroad*, 24 Mo. App. 235; *Muirhead v. Railroad*, 24 Mo. App. 634; *Waddingham v. Hulett*, 92 Mo. 528. (3) The mere fact of the accident is not evidence that the culvert was not reasonably safe or of negligence on the part of the defendant. *Railroad v. Neal*, 65 Ind. 438; *Gamall v. Railroad*, 21 S. W. Rep. 1. (4) The plaintiff was guilty of contributory negligence. Being six months advanced in pregnancy, she was riding in a single seat two-wheeled cart, together with another woman and two children; also carrying a valise, and driving in a trot over this culvert. This was her own testimony. Dr. Bryant and Dr. Henry both testified that it was dangerous for a woman in her situation to ride in such a cart.

*John N. Southern, Flournoy & Flournoy,* for respondent.

(1) The petition alleges permanent injuries, but such allegation was not necessary. Chitty on Pleading [14 Am. Ed.] pp. 395, 396; Bliss on Code Pleading [2 Ed.] sec. 297a; 1 McQuillin's Pleading & Practice, sec. 304; 2 Thompson on Negligence, sec. 33, p. 1250; *Cook v. Railroad*, 19 Mo. App. 329; *Railroad v. Gastka*, 128 Ill. 613. (2) The evidence as to permanent injuries was sufficient. *Welch v. McAllister*, 15 Mo. App. 492; *Squires v. Chillicothe,*

89 Mo. 227, 231; *Stutz v. Railroad*, 73 Wis. 147; *Eddy v. Wallace*, 49 F. R. 801; *Kane v. Railroad*, 132 N. Y. 160. (3) The only question of negligence on the part of the city, submitted to the jury by plaintiff's instruction, was that of negligence in permitting the culvert to remain out of repair. (4) We do not think there was any question of contributory negligence in this case; if there was, it was for the jury and was properly submitted to them. *Wilkins v. Railroad*, 101 Mo. 94; *Kenny v. Railroad*, 105 Mo. 270; *Dickson v. Railroad*, 104 Mo. 491; *Duncan v. Railroad*, 48 Mo. App. 659; *Taylor v. Railroad*, 26 Mo. App. 336; *Holmes v. Railroad*, 48 Mo. App. 79.

ELLISON, J.—This action was instituted on account of personal injuries received by plaintiff upon one of defendant's streets while she was driving along said street in a one-horse cart. The negligence charged against defendant was in its permitting a certain stone culvert to become and remain out of repair. There was a verdict and judgment for plaintiff. The accident happened while plaintiff was driving or being driven over the culvert. One of the stones covering the culvert was broken, though remaining in position. Plaintiff did not know of the defect and it was not such as to necessarily attract her attention. One wheel of the cart dropped into the hole, precipitating plaintiff forward onto the shafts. There was ample evidence to sustain the verdict of the jury on all branches of the case, and, unless there was substantial error in the instructions given, the judgment must be affirmed.

The first objection goes to the alleged error of the court in permitting the jury to allow damages for permanent injuries when the petition fails to claim damages for such character of injuries. An examination of the petition discloses that it is not justly subject to

such criticism. It does not in specific terms allege permanent injuries, but the whole face of the petition, when fairly construed, shows with sufficient clearness that such injuries are covered by its allegations. Besides it has been held not to be necessary to allege that the injuries were permanent in order to allow such character of damages. *Cook v. Railroad*, 19 Mo. App. 329.

It is next asserted, in support of the objection to this instruction, that there was no evidence of permanent injuries. This objection is not well taken in point of fact and will therefore be ruled against defendant.

The next complaint is that the court erred in giving an instruction which authorized the jury to find the culvert was unsafe owing to the character of the stones upon the top of it and the manner in which such stones were placed upon it. The contention being that there was no evidence to support the instruction, we cannot sustain this contention. There was evidence to this effect, that when a culvert was built as this one was—in the manner it was and of the material of which it was constructed—that it should be kept covered with a certain thickness of earth so as to give strength and support to the otherwise insufficient stone.

The petition, in effect, charges that the stone with which the culvert was covered was not strong enough for the purposes of street travel unless covered with earth; and there was evidence tending to support this which is found in the testimony of Krump and Little. Krump says that, "In building culverts, ten or twelve inches of dirt should be placed on top to support the stone to keep heavy wagons from breaking them and also to hold the stone in place." He evidently referred to culverts constructed in the manner and of

Lewis v. The City of Independence.

the material this one was. The instruction might have been worded differently, but it does no more than submit to the jury the question whether the culvert was out of repair on account of the earth having washed off and on account of the character of the stone and the way in which it was placed over the top of the culvert.

It is urged that the case shows plaintiff was guilty of such contributory negligence as to prevent her recovery, in that, being six months advanced in pregnancy, she was riding in a two-wheeled cart with another woman and two children. We are not able to see what possible contribution this fact could have made to the accident. The evidence does not tend to show any connection between this fact and the accident. It may be that plaintiff's condition rendered her more susceptible to injury, but that will not relieve defendant of its duty to the public. We certainly are unwilling to say that defendant is under no obligation to keep its streets in such repair that they will be reasonably safe for a woman in plaintiff's condition to travel over in a two-wheeled cart. The testimony of the two physicians referred to in the brief has no tendency to show contributory negligence. They knew nothing of the accident or its cause. They stated that riding over rough roads in a cart might produce miscarriage, and they would undoubtedly have said further that an accident, such as this was described to be, might also produce it, but such evidence has no tendency to prove who was in fault. There was no miscarriage resulting here and we can see no relevancy in the testimony referred to.

A consideration of the record does not disclose that there was any error committed at the trial which can fairly be said to materially affect the merits of the case, and we therefore affirm the judgment. All concur.