EUDORA CHARTRAND, Respondent, v. SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 3, 1894.

1. **Street Railways**: INFERENCE OF NEGLIGENCE FROM PHYSICAL FACTS. A street railway car had on its platform a threaded bolt, which extended three-eighths of an inch above the floor. *Held*, that the jury were authorized to find from the physical facts, and without direct proof, that the bolt was dangerous and a matter which could have been remedied by the exercise of ordinary care.

2. ———: INSTRUCTION ON MEASURE OF DAMAGES. An instruction in an action for physical injuries directed the jury, in assessing damages, to include compensation for bodily pain and mental anguish, for loss of earnings, and for outlays and expenses incurred for surgical and medical treatment, drugs and medicines. *Held*, that the instruction was in correct form.

3. ———: INSTRUCTIONS ON RIGHT OF RECOVERY. Instructions defining the conditions of the plaintiff's right of recovery in an action for injuries received by her, while alighting from a street railway car, by reason of its negligent construction, are reviewed and held unobjectionable.

4. ———: FAILURE OF INSTRUCTION TO LIMIT RECOVERY TO DAMAGES PLEADED: PRACTICE, APPELLATE. A defendant permitted proof of damages slightly in excess of the amount pleaded, without interposing any objection thereto. Held, that he was not in a position, on appeal, to complain of the failure of an instruction on the measure of damages to limit the recovery to the amount pleaded.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Lubke & Muench* and *George W. Lubke, Jr.,* for appellant.

*S. N. Taylor* and *Charles Erd* for respondent.

BIGGS, J.—The plaintiff, while in the act of stepping from one of the defendant's cars, fell to the ground, receiving a severe shock and some bruises on her body which her evidence tended to show resulted in an attack of nervous prostration. The plaintiff's dress caught on a threaded bolt on the platform of the car, which caused her to trip and fall. The action was commenced before a justice to recover damages for the injury sustained, and also compensation for medical treatment and medicines. It was averred in the complaint that the bolt extended about three-eighths of an inch above the tap, that this was unnecessary, and that it rendered the bolt dangerous and likely to produce such accidents. The plaintiff recovered both before the justice and in the circuit court, and the defendant by successive appeals has brought the case here. It complains of the refusal of the court to direct a nonsuit, and that the plaintiff's instructions are erroneous.

It is insisted that the plaintiff's evidence is insufficient, for the reason that there was no direct evidence that the bolt was an unusual appliance about the car or that it was a dangerous thing.   Counsel partly misconceives the issue.   It is not pretended that the bolt was unnecessary for the construction of the car, but the *gravamen* of the complaint is that it extended three-eighths of an inch above the tap.   No direct evidence was necessary to prove that the bolt in that condition would likely produce such accidents as the one complained of.   The physical facts are sufficient of themselves to authorize the jury to draw the inferences, that the bolt was a dangerous thing and that the defendant by the exercise of ordinary care could have remedied the defect.

Again, it is urged that the plaintiff's testimony shows that she was guilty of contributory negligence in not lifting her dress in passing out of the car.   She testified that she wore a plain round skirt;   that it was not long enough to reach to the ground;   that she never picked up her skirt or dress in passing out of the car; that she had not observed whether ladies generally did so, but that, to keep dresses from becoming soiled, such a custom might prevail;   that on the occasion of the accident she had in her hands a book and muff, and that in getting off the car she did not notice the bolt. It might be reasoned out to the satisfaction of some that a lady, in passing from a street car, is under the legal obligation to lift her dress in order to avoid unnecessary and dangerous obstructions near the floor of the car, but we have been unable to find a case giving countenance to such a proposition, nor can we conceive upon what principle, either of law or common sense, a failure to do so would, for the reasons stated, be an act of negligence.   But, under any aspect of the case, the plaintiff's testimony made this question of

alleged contributory negligence one of fact for the jury.

The statement in the appellant's brief, that the plaintiff knew that her dress was caught before she stepped from the car, is not borne out by the record. Her statements on the subject are somewhat contradictory, but it may be fairly inferred from her testimony, when read as a whole, that she had stepped from the car before she was aware that her dress had caught. This made the question one of fact, which was properly submitted to the jury. The defendant's instruction for a nonsuit was properly overruled.

The plaintiff's instruction as to the measure of damages is correct. The jury were told that, if the plaintiff was entitled to recover at all, she ought to be fairly compensated for any bodily pain or mental anguish suffered, for loss of earnings occasioned by the injury, and for such reasonable sums as the plaintiff may have paid or incurred for surgical and medical treatment, and for medicines and drugs. This instruction is in harmony with the decisions in this state. *Russell v. Inhabitants, etc.*, 74 Mo. 480; *Hyatt v. Railroad*, 19 Mo. App. 287; *Cook v. Railroad*, 19 Mo. App. 329.

The complaint alleges that the plaintiff had expended $25 for medical treatment and medicines, whereas the plaintiff's physician testified that his bill against the plaintiff was $40. The objection is made that the instruction ought to have limited these items of damage to the sum stated in the petition. If it be conceded that the instruction is faulty in this respect, such an error would not authorize a reversal of the judgment. Without doubt the complaint in the respect mentioned could have been amended at the trial so as to conform to the proof, and this would have afforded the defendant no ground for complaint or delay. It is only where an

erroneous instruction is manifestly prejudicial to the plaintiff's or defendant's case on the merits, that a judgment will be reversed for that reason. Again, the defendant might have objected to proof of greater damage on that score than the amount claimed in the petition. If such an objection had been made, the complaint could have been amended *instanter* so as to conform to the proof. Having failed to make such objection, the defendant ought not to complain now. *Griveaud v. Railroad*, 33 Mo. App. 458.

The other instructions given by the court at the instance of the plaintiff read:

"The court instructs the jury that, if they believe from the evidence that plaintiff was at the time of the occurrence in question a passenger on one of the cars of defendant's street railroad, and that in passing out of, and alighting from, said car she was exercising reasonable care and diligence, and that there was on the front platform of the car, or near the steps where she got off of the car, a bolt projecting some distance above the level of the floor, and that by reason thereof her dress caught on the said bolt and she was thereby tripped and thrown on the crossing of the street, and received a shock and injuries as the result of such fall; and, if the jury further believe from the evidence that defendant was careless and negligent in operating said car with said bolt projecting above the level of the platform, and that in the then condition of said bolt it was liable to catch the dress of a lady exercising ordinary care as she was making her exit from the car, and that the defendant knew, or in the exercise of a very high degree of care and diligence might have known that such bolt did project above the level of the platform of said car long enough to have remedied the same before the happening of said injuries, then the jury will find for the plaintiff."

"The court further instructs the jury, that if they believe from the evidence that plaintiff was at the time of the occurrence in question a passenger on one of the defendant's cars being operated by it, then the defendant owed to the plaintiff the duty to exercise a very high degree of care and vigilance to have its said car free from any projections or defects which would be liable to trip a lady exercising ordinary care in passing out of said car to the street; and, if the jury believe from the evidence, that plaintiff received the injuries in question, and that the defendant was careless and negligent, that is, did not exercise a very high degree of care in regard to the safety of its passengers; and, if they further believe that the projecting bolt spoken of in the evidence contributed to produce the injuries to plaintiff spoken of in the evidence, and that by the exercise of a very high degree of care on the part of the defendant it would not have operated said car with said bolt projecting; then it is the duty of the jury to find for the plaintiff, unless the jury further believe from the evidence that the plaintiff herself failed to exercise ordinary care on the occasion in question in passing and alighting from said car.

"What constitutes reasonable or ordinary diligence and care, as mentioned in these instructions, depends on the facts of each particular case. It is such care as a person of ordinary prudence would exercise (according to the usual and general experience of mankind) in the same situation and circumstances as those of the person or persons in this case, with reference to whom the term ordinary care is used in these instructions. The omission of such care is negligence in the sense in which that word is used in these instructions."

No objections can be urged against these instructions. They require the jury to find every affirmative fact necessary to plaintiff's recovery. They imposed

the condition that the plaintiff must have been, at the time she received the injuries, in the exercise of due care; they confined the alleged negligence of the defendant to the projecting bolt, and they stated (quite favorably to the defendant) the degree of care which, under the law, the defendant owed to the plaintiff as a passenger.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.