1. STREET RAILWAYS—INJURY TO PASSENGER—NEGLIGENCE—APPLIANCES.

A street railway is not negligent in the matter of the plunger on its car, on which a passenger caught her dress; it appearing that it was on the car when obtained from the best builder, and was in the same condition, except as improved by the company, and it not appearing that any safer appliance ·was in use, or could be procured in the market.

2. SAME—TIME TO ALIGHT.

A passenger on a street car is entitled not only to time to step off, but to clear her skirts, where they catch on an appliance on the platform, and the conductor is negligent in starting before he sees that she is clear therefrom.

3. SAME—CONTRIBUTORY NEGLIGENCE.

A passenger injured by her dress catching on the plunger of a street car as she alights, and by the car starting up while it is so caught, is not guilty of contributory negligence, as matter of law, because wearing a dress so long as to be more than likely to catch on any appliance extending above the platform.

Smith and Kellogg, JJ., dissenting.

Appeal from trial term.

Action by Sarah C. Smith against the Kingston City Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial on the minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

A. T. Clearwater, for appellant.

F. Arthur Westbrook (John J. Linson, of counsel), for respondent.

PARKER, P. J.  In Lafflin v. Railroad Co., 106 N. Y. 136, 139, 12 N. E. 599, 600, referring to the duty of a railroad company, it was said:

"It was not bound so to construct this platform as to make accidents to passengers using the same impossible, or ·to use the highest degree of diligence to make it safe, convenient, and useful.  It was bound simply to exercise ordinary care, in view of the dangers attending its use, to make it reasonably adequate for the purpose to which it was devoted."

And on page 141, 106 N. Y., page 601, 12 N. E., it was further said:

"As a general rule, when an appliance or machine or structure not obviously dangerous has been in daily use for years, and has uniformly proved adequate, safe, and convenient, its use may be continued without the imputation of culpable imprudence or carelessness."

And the principle there enunciated has in several more recent cases been recognized as the correct one.  Kelly v. Railroad Co., 112 N. Y. 450, 20 N. E. 383; McCaldin v. Parke, 142 N. Y. 570, 37 N. E. 622; Frobisher v. Transportation Co., 151 N. Y. 434, 45 N. E. 839.

Applying this principle to the facts of this case, it is difficult to see how culpable negligence can be predicated against the defendant for using the plunger which it did use at the time plaintiff was injured.  No evidence in the case disputes the testimony that there were no better or safer cars made than those made by the Pullman

Company. It is also not disputed but that the car in question was purchased from that company. If we assume, as plaintiff claims, that the plunger at the time of the accident was the same one and in the same condition as it was when received from such builders, defendant might reasonably rely upon their experience and skill and venture to use it as a necessary appliance, safely and properly located and arranged. If we assume that the defendant, learning that ladies' dresses would occasionally catch thereon, had somewhat changed its location, and placed a hood over the same, still the principle above cited applies. Upon its face, such change seems to be an improvement upon the plan adopted by the Pullmans. It is a better protection against dresses catching thereon, and there is not a particle of evidence showing that any better method of locating and protecting against such plunger is in use, or was known to any one. What more care could the defendant have taken than it did take? Where in the market could it have got a better or safer appliance than the one it used? There is no evidence in the case, of any description, showing or from which it might be inferred that any safer one existed. The one it did use was approved by the experience of the best makers, and any danger to be apprehended from its use was met by the best improvement known to the defendant, and than which, so far as the evidence shows, there was no better. Upon such a state of facts, as matter of law, no culpable negligence could be imputed to the defendant; and it was therefore error to instruct the jury that if they found that this was not a properly constructed car, and that the defendant did not get the best appliances that the market afforded, in respect to the car, they might find that the defendant was negligent. So far as the construction of the car and the plunger was concerned, the case is barren of any evidence to show the defendant liable. But the charge seems inaccurate in another respect. If the question of construction might properly have been left to the jury, there being no evidence that any safer appliance was in use, or could have been procured in the market, the jury were allowed to imagine one, and find the defendant liable for not discovering and using it.

This conclusion would result in a reversal of this judgment, were it not that there is other evidence of defendant's negligence, so plain and controlling that the jury would not have been justified in reaching any different result. Such evidence exists, I think, upon the question whether there was not negligent haste in starting the car, sufficient to render the defendant liable. However, inasmuch as we cannot know that the jury have ever passed upon this question in favor of either party, we can hold the defendant liable upon this ground only upon facts which are not disputed, or as they are claimed to be by the defendant itself. That the plaintiff's dress caught upon the plunger, and that before it was loosened therefrom the car started and dragged her, by the dress so attached, some distance, is not disputed. Now, conceding that the plaintiff had stepped from the car, as the conductor testifies, it is clear that she had not yet entirely detached herself therefrom. Clearly, the car was started before she had had time to unloosen her dress from the

plunger; and the question is presented whether it was not the duty of the conductor to give her time, not only to get off, but to release herself entirely from the car, and was it not his duty to notice her condition, and know that she was free from the car before he started it? It is clear from the evidence—too clear for dispute—that the conductor, not anticipating that the dress might catch, started the car upon the instant she alighted, and before he could notice that it had caught. It has been held that the omission to give a passenger reasonable time to alight from a car is culpable negligence. Poulin v. Railroad Co., 61 N. Y. 621; Simpson v. Railroad Co., 48 Hun, 113, 116. Is it not clear that this plaintiff did not have that reasonable time to which she was entitled? I am of the opinion that she was entitled to not only time enough to step off, but also to clear her skirts, in the event that they caught upon any obstruction on the platform, and that it is the duty of the conductor to see that she is clear from any such attachment before he starts the car. If he starts before he knows that she is thus free, it is a negligent method of starting, and he takes the chances. Colt v. Railroad Co., 33 N. Y. Super. Ct. 189, affirmed in 49 N. Y. 671; McDonald v. Railroad Co., 116 N. Y. 546, 22 N. E. 1068. No great injury was to be apprehended, and probably none would have been sustained, by the mere catching of this plaintiff's dress upon the plunger; but the starting of the car while it was so caught was an act likely to produce serious injury, and was in fact the real cause of her injury in this case. Upon the undisputed facts of this case, I cannot but conclude that the conductor's negligence caused this injury, and therefore the verdict must have been against the defendant upon that question.

It is claimed that the plaintiff was herself negligent, in that she traveled upon the car with a dress so long that it would be more than likely to catch upon such appliances as were necessarily extending above the platform. The cases of Poulin v. Railroad Co. and Colt v. Railroad Co., above cited, are authorities against our holding such an act negligent as matter of law.

The verdict, although large, is not so excessive that we should interfere with it, if we believe that her present condition was caused by this injury; and we cannot refuse to so believe, unless we discredit the evidence of several of the plaintiff's witnesses. Those witnesses do not seem to be in any way impeached, and I am of the opinion that the verdict must be allowed to stand.

I find, therefore, no error in this record for which this judgment should be reversed, and hence it must be affirmed, with costs. All concur, except SMITH and KELLOGG, JJ., who dissent.