FUCHS, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, March 21, 1905.

1. DAMAGES: Pleading: Specific Allegation. In an action for damages on account of personal injuries, where the petition described the injury, it was sufficient to let in evidence that the injury was permanent, where that was a natural and necessary consequence of the injury, although there was no specific allegation that the injury was permanent.

2. ———: ———: ———. An allegation that the plaintiff suffered internal injuries as a result of the accident was sufficient to permit evidence of injury to the plaintiff's kidney, in the absence of a motion to make the petition more definite and certain in that respect.

Appeal from St. Louis City Circuit Court.—*Hon. James R. Kinealy,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller,* for appellant.

(1) The court erred in admitting testimony, over defendant's objection, as to permanent injuries to plaintiff's nervous system. Pinney v. Berry, 61 Mo. 366; Waldhier v. Railroad, 71 Mo. 514; Schneider v. Railway, 75 Mo. 295; Rutledge v. Railroad, 110 Mo. 312, 19 S. W. 38; Slaughter v. Railroad, 116 Mo. 275, 23 S. W. 760;

Madison v. Mining Co., 65 Mo. App. 564; Muth, etc., v. Railway, 87 Mo. App. 422; Railroad v. Measles, 81 Tex. 474 (1891), 17 S. W. 124. (2) The law will not presume that kidney colic is a proximate result of plaintiff's fall from the car, and therefore, any future pain and anguish resulting therefrom cannot be an element of general damages. If the damages therefrom are recoverable at all, they must be laid as special; as special damages they must be specifically alleged. Special damages which are the natural but not necessary result of injury complained of must be specifically alleged. 5 Enc. P. & P. p. 719; Brown v. Railway, 99 Mo. 310, 12 S. W. 655; Coontz v. Railroad, 115 Mo. 669, 22 S. W. 572; 2 Waits' Actions and Defenses, (1877), p. 434.

*D. D. Holmes* for respondent.

There was no error in permitting the physician to testify that plaintiff's nervous system was permanently injured. In an action for injuries to the person injured, by the person injured, it is not essential that the petition should specially aver that the injury is permanent in order to recover for permanent injuries. Cook v. Railway, 19 Mo. App. 333; Lewis v. City of Independence, 54 Mo. App. 186; Golden v. City of Clinton, 54 Mo. App. 118; Roosevelt v. Railway, 13 N. Y. Supplement 598; Lynch v. Railroad, 36 N. Y. State Rep. 431.

STATEMENT.

In April, 1904, plaintiff was employed as a cleaner in the Rialto Building, in the city of St. Louis, and was earning fifteen dollars per week by her labor. Early in the morning of the seventeenth of this month, plaintiff left her home and went to the northeast corner of Geyer avenue and Broadway for the purpose of boarding a car on Broadway to be carried to her place of employment. Plaintiff testified that she waited on the corner about two minutes when she hailed an approaching car; that the car stopped in the usual place for tak-

ing on passengers and she attempted to get aboard; that she took hold of the hand rail, had one foot on the first step and was in the act of raising the other to the second step of the rear vestibule of the car, when the car was suddenly started with a jerk, causing her to lose her balance and to fall into the street on her left side; and that the force of the fall was so great as to cause her intense pain and suffering, injuring her internally and greatly shocking her nervous system. Plaintiff's evidence shows that the back platform of the car, where she attempted to get aboard, was crowded but there was plenty of standing room inside the car, and that the car did not stop but for a moment to take on passengers and not a sufficient length of time to let anyone get aboard. Plaintiff's evidence further shows that she was confined to her bed for three months after her injury and she has not been able to work at any time since her injury, and was under treatment of a physician for her injuries at the time of trial.

Dr. E. H. Eyerman, plaintiff's physician, testified as follows:

"As near as I remember, I found her suffering great pain in the abdomen and the back of the head, and in the region of the eleventh and twelfth ribs on the left side; vomiting a great deal, and very weak. A careful examination was made, and I couldn't find any bones broken; there were several very tender spots in her abdomen; the bladder apparently was not injured, and the skull was not injured, but the left kidney appeared to be injured; examination of the urine seemed to corroborate it, the blood cells found in the urine. That night she became very weak. In fact, I thought she was going to die that night. She fainted away and her heart action was very weak. I administered several strong heart stimulents, and in about two or three hours she rallied, and since then I have been in almost constant attendance upon her. She has had several attacks of kidney colic, which required much attention and large

doses of morphine to relieve, and as a result of her suffering and shock to her nerves and heart she became very hysterical, and practically a nervous wreck. She has tried on one or two occasions to resume her work, and each time, after a day or two, had a relapse, and had pains in the back again and in the region of her kidney, and these hysterical spells would come on again.

"Q. Did you consider the conditons you have described as being the result of the injury? A. I have no doubt, no doubt, that the shock of the injury and the pain, possibly some lesions in the kidney, helps to make up her nervous condition and depression.

"Q. What is her condition now, with reference to the continuation, probably continuation of these internal injuries, in your opinion? A. The definite condition relative to internal injuries is the one relating to her kidney, the left kidney; she has had repeated attacks of kidney colic, during which blood cells were found in the urine, and that, in my opinion, is positive proof that the kidney has been injured—colic of the kidney—of that kind—are very apt to recur during the rest of her life.

"Q. As regards the shock to her nervous system, Doctor? A. That, I think, is permanent; I don't think she will ever recover from that.

\* \* \* \* \* \* \* \*

"The injuries and the condition of her nervous system makes her practically an invalid for the rest of her life, because she will never be able to do the work which she formerly did, and no active work for any length of time."

Witness further testified that his services were reasonably worth five hundred dollars.

Dr. Jules M. Brady, who was called as consulting physician, testified that plaintiff suffered great pain in the region of her left kidney, but that no ribs were broken, and there was no friction of the ribs rubbing togeth-

er, neither were there any bruises. A microscopical examination of the urine showed red blood cells. Witness saw the plaintiff the Sunday preceding the trial, and found her suffereing from hysteria, and tenderness and palpitation over the left kidney, which he considered the result of the accident; that the red blood sells, which indicated hemorrhage, had then disappeared. When he last examined plaintiff she was recovering from a bad cold. Witness estimated the reasonable value of his services at fifty dollars, but stated that he had no contract with the plaintiff for such service.

There was countervailing evidence in respect to the character and extent of plaintiff's injuries.

The conductor of the car testified that there were four or five people standing at the corner of Geyer and Broadway to board the car when it was stopped for them to get on, but they, seeing that the car and back platform were crowded, and another car approaching nearby, turned and walked toward the curb, and when he saw that they were not going to board the car, he gave a bell to the motorman to go ahead, and the car moved twelve or fifteen feet when he heard some one halloo; that he then had the car stopped, and did not see the plaintiff at all until after she was hurt.

A verdict for twenty-five hundred dollars was returned for plaintiff. Timely motions for new trial and in arrest were filed, which the court overruled. Defendant appealed.

BLAND, P. J. (after stating the facts).—1. On the trial defendant objected to all evidence tending to show that the injury to plaintiff's nervous system was permanent, for the reason it was not specifically alleged in the petition. The allegation in the petition, in respect to the permanency of the injuries is, "thereby severely bruising and injuring plaintiff on her body and limbs, and also causing severe and permanent internal injuries to the plaintiff, and also causing injuries to plaintiff's nervous system."

In Cook v. Railway, 19 Mo. 1. c. 333, in reference to the allegations essential to entitle an injured person to prove the permanency of the injuries, the court said: "The law is too well settled to admit of discussion that in the action for injuries to the person, by the person injured, it is not essential that the petition should specially aver that the injury is permanent in order to recover therefor. 'The gist of the action is the injury to the person, and the prospective damages are considered to be immediate and natural consequences of the injury.' Thomas on Neg., 1250, sec. 33; Bradbury v. Benton, 69 Mo. 194; Tyson v. Booth, 100 Mass. 256; Filer v. Railroad, 49 N. Y. 42; Russell v. Columbia, 74 Mo. 480."

This ruling was approved in Lewis v. City of Independence, 54 Mo. App. 1. c. 186, and in Golden v. City of Clinton, Ib. 1. c. 118. The gist of the action is the injury to the plaintiff, and in estimating her compensatory damages she is entitled to compensation for all the consequences of the injury, both past and prospective (Sherwood v. Railway, 82 Mich. 1. c. 383); and it was not error to admit evidence of the permanency of plaintiff's nervous condition as a result of the injury. For the same reason it was not error to instruct the jury, as was done and of which defendant complains, that in estimating the damages the jury might take into consideration any pain of the body or anguish of mind which it might believe from the evidence plaintiff had suffered "or which, if any, will reasonably result to her by reason of her injuries and directly caused thereby.

2. It is contended that injury to plaintiff's left kidney was not natural and necessary result of her injury and for this reason the injury to the kidney should have been specially pleaded to entitle her to recover therefor. Internal injuries were alleged as a result of the injury, and if it be conceded (which we do not) that the injury to the left kidney was not a natural and necessary result of the fall into the street, the allegation of

the petition was sufficient to let in the evidence.   Mason v. Railway, 75 Mo. App. 1; Gerdes v. Iron and Foundry Co., 124 Mo. 1. c. 360, 25 S. W. 557.  If defendant desired a particular specification of the internal injuries, it should have moved to make the petition more definite and certain in respect to such injuries.   By going to trial on the petition as framed, defendant waived any objection to the admission of proof of any internal injuries plaintiff might offer as natural result of the injury.

The damages assesed are not excessive and no error apearing in the record, the judgment is affirmed.   All concur.