## DANGEROUS BRAKE DEVICE.

Superior Court of Cincinnati.

MAY M. REIS v. CINCINNATI TRACTION COMPANY.

Decided, February, 1912.

*Negligence—Street Railways—Lady's Dress Caught on Projection of Brake Device and She Was Thrown to the Street—Approved Devices which are Nevertheless Dangerous.*

In an action against a traction company for injuries to a passenger who was thrown to the pavement by the catching of her dress on a brake device, evidence that the device was located and maintained in a manner which would easily be recognized as dangerous and improper by reasonably prudent officials and operatives is sufficient to send the case to the jury, notwithstanding there was no defect in the apparatus but it was admitted to be approved and standard construction.

*Spencer Jones,* for plaintiff.
*Rufus B. Smith* and *Charles A. Groom,* contra.

HOFFHEIMER, J.

Memorandum on motion for new trial.

Plaintiff was injured while alighting from one of defendant's cars. Her skirts caught upon an iron cap or cylinder located directly under the place where she had been seated. As she endeavored to step down, by reason of the catching of her skirt, she was caused to fall. The precise claim in the petition is: "that in said summer car and through the floor thereof, projected an iron cylinder which was part of said car. That said cylinder so projecting was in close proximity to the western side of said car and its position with reference to the passage-way and seats while said car was going from Vine street toward McMillan street, was immediately under the front edge of the seat and at the edge of the passage-way between the rows of seats. That said projecting iron cylinder was dangerous and improper in that same was liable to catch and hold the clothes of passengers attempting to leave said car, causing them to fall; and

said cylinder was in this way and at the time of the grievances hereinafter complained of, negligently placed and maintained by defendant company.''

Plaintiff introduced evidence showing the location of the cylinder and showing that plaintiff's skirt caught on same without knowledge on her part, and also evidence tending to show the dangerous character of the device as located by showing a number of similar injuries, to the knowledge of defendant, and by reason of cylinders similarly located.

A motion to take from the jury having been overruled defendant offered evidence to show that this cylinder was part of a brake-device of approved pattern and construction and in known general use by street railway operatives, where cars of such design were operated. Verdict was for plaintiff and defendant moved for a new trial and for dismissal upon the undisputed evidence.

From what has been said it will be seen that the gist of the complaint is not that the brake device of the kind in question was defective, but that same as located and maintained was improper construction and dangerous, and that the danger was such as would be apprehended by reasonably prudent street railway operatives. Proof of the physical facts from which the jury might infer that the cylinder as maintained was dangerous, supplemented as it was by evidence tending to show the dangerous character of the thing as located, that is, proof of similar injuries, was held by the court sufficient to send this question to the jury. See *Chartrand* v. *Southern Ry. Co.*, 57 Mo. App., 425; *Dongan* v. *Champlain Trans. Co.*, 56 N. Y., 1.

Unless the court erred in such regard, then the mere fact that defendant offered evidence tending to show that the cylinder was the best approved construction in known general use by street railway operatives, which evidence was not rebutted by any direct evidence on plaintiff's part, would not warrant either a new trial or dismissal. While evidence such as defendant offered tends to prove that the legal standard of car has been complied with, nevertheless it is not conclusive of it, but is to be considered and weighed together with all the evidence in

the case. *1 Wigmore on Evidence,* Section 461. The cases of *Farley* v. *Traction Co.,* 132 Pa. St., 58, and *Smith* v. *Kingston,* 55 App. Div., 143, to which the court has been cited, do not warrant a contrary view, as I read them.

In *Farley* v. *Traction Company,* the thing complained of was not likely to catch the clothes of unsuspecting passengers and thus dangerous, but on the contrary, it appears, that in said case, the plaintiff stumbled over something in plain view and "took no care as to his movements and hence stumbled over a conspicuous part of the car." (P. 62.) And there was no evidence, as here, tending to show "that the car as constructed would inevitably produce danger and injury to those using it." (P. 59.)

In *Smith* v. *Kingston,* inasmuch as the case was barren of evidence tending to show or from which it might be inferred that a safer car existed, and because it also appeared that the appliance was approved by the best makers, the court (Parker, C. E.) held, that the court below erred in submitting the question of improper construction to the jury. This ruling I find was itself reversed in *Smith* v. *Kingston,* 169 N. Y., 66 (Parker, Alton B., and others concurring) and the trial court was affirmed. Negatively, therefore, these cases would seem to sustain, rather than to oppose the view taken by me upon the trial of the instant case.

For the reasons given, the motion of defendant must be overruled.